Neil M. Kelly and Mary A. Kelly v. Commissioner.
Kelly v. Commissioner
Docket No. 1157-62.
United States Tax Court
T.C. Memo 1964-73; 1964 Tax Ct. Memo LEXIS 265; 23 T.C.M. (CCH) 472; T.C.M. (RIA) 64073; March 19, 1964
Neil M. Kelly, pro se, 1135 Hickory Trail, Downers Grove, Ill. Helen A. Viney, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1959 in the amount of $232.62. The three issues presented for decision are: (1) whether the petitioner, Neil M. Kelly, an airline pilot, is entitled to deduct unreimbursed travel expenses in excess of the amount allowed by the respondent; (2) whether the petitioner is entitled to a deduction for "home office expense"; and (3) whether the petitioner is entitled to deduct "automobile expenses" for transportation between his home *266 and two Chicago airports and between the airports. Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. Neil M. and Mary A. Kelly are husband and wife, who resided in 1959 at 1135 Hickory Trail, Downers Grove, Illinois. They filed their joint Federal income tax return for the calendar year 1959 with the district director of internal revenue at Chicago. During 1959 Neil Kelly (herein called petitioner) was a reserve pilot for United Air Lines. He had no regular flight schedule. But when he flew for United it was in the capacity of captain. On flights from Chicago, United Air Lines furnished hotel rooms, transportation to and from the hotel and reimbursement for meals, if they were not available during the flight, at the following rates: Breakfast
$1.40
Lunch
1.65
Dinner
3.30
Midnight Snack
1.50
During the year 1959 the petitioner deducted on his tax return $857.50 as "expense away from home on airline trips." Of this total he was reimbursed by United in the amount of $281.40 which was reported as gross income. Respondent allowed only $562.80 as a deduction for travel expenses. United Air Lines provided *267 meals on board for the pilot and crew when flights occurred during mealtime. When a meal was available for the crew on board the plane and it was not eaten, United would not reimburse them for the meal bought upon termination of the flight. However, the petitioner was reimbursed for all meals during layover flights. During the year 1959 the petitioner made approximately 250 flights involving about 745 hours to several Eastern, Midwestern, and Western cities. While on these trips he spent $844.20 for meals, tips, taxi fares, and telephone calls. Petitioner deducted the amount of $200 "As part of home expense used for office." This was merely an estimate of about 1 percent of what it cost petitioner to operate the house. Although petitioner kept a desk, file cabinet, and adding machine in one room, it was not used exclusively as an office but was also used by other members of the family and by guests as a bedroom. Petitioner's principal post of duty was at the facilities at O'Hare and Midway Airports in Chicago where he was required to report for instructions before departure on scheduled flights. Petitioner deducted the amount of $400 as "automobile expense." Of this sum $130 *268 was for transportation between O'Hare and Midway by automobile. United Air Lines provided free transportation by bus to the petitioner (and other flight personnel) between the two airports. About $270 was spent for transportation by car between the petitioner's home and the two airports. Petitioner's flight bag and his suitcase were carried in his automobile on such trips. Respondent disallowed the deductions claimed by petitioner for (1) using part of his home as an office and (2) the automobile expense. Opinion The first question is how much did the petitioner spend in 1959 while away from home on flights for United Air Lines. It is the respondent's position that any amount expended in excess of $562.80 constitutes an unreasonable and personal expense which does not meet the ordinary and necessary tests of sections 162(a)(2) and 212 of the Internal Revenue Code of 1954. We disagree. In exercising our best judgment on this record, we have found as a fact that the petitioner spent $844.20 for such traveling expenses. As to the claim to a deduction for "home office expense," the petitioner has failed to prove that it was necessary for him to have an office; *269 that he used any one part of his home as an office; or on what the $200 amount was based (other than his mere assertion that it was about 5 percent of the cost of operating the house). He simply used his home as a place to read, file his flight manuals and to store certain documents. Therefore, respondent is sustained on this issue. Finally, as to $400the claimed for "automobile expense," the petitioner testified that $130 was attributable to the cost of traveling between Midway and O'Hare Airports. Since United Air Lines provided free transportation for airline personnel between the two airports, it was neither ordinary nor necessary for petitioner to drive his automobile from one airport to the other, even though it was faster and more convenient to do so. The remaining $270 was spent for transportation between the petitioner's home and either O'Hare or Midway. The essential character of such transportation was commuting to work and the cost thereof is a personal rather than a business expense. Moreover, the petitioner is not aided by the fact that he carried his flight bag and suitcase with him in the automobile. This was merely incidental to the dominant purpose of the trips, *270 viz., commuting from home to work. Thus, we hold for respondent on this issue. Decision will be entered under Rule 50.