Valentine J. Anzalone v. Commissioner.
Anzalone v. Commissioner
Docket No. 279-63.
United States Tax Court
T.C. Memo 1964-81; 1964 Tax Ct. Memo LEXIS 256; 23 T.C.M. (CCH) 497; T.C.M. (RIA) 64081; March 26, 1964
Valentine J. Anzalone, pro se, 2808 Nacoma Place, Dayton, Ohio. Richard M. Schwartz, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's income tax for 1960 in the amount of $457.39. Petitioner claims an overpayment of tax for said year in the amount of $587.01. The issues presented are (1) whether or not the *257 automobile allowance of $100 per month, or $1,200 per year, received by the petitioner from his employer for the use of his car in his employment is includable in his gross income; (2) whether or not petitioner is entitled to deduct a part of the expenses incurred in the maintenance of his home as ordinary and necessary business expenses; and (3) whether or not petitioner is entitled to deduct additional depreciation over and above the amount claimed on his return for the Mercury station wagon acquired by him in November 1959. Findings of Fact Valentine J. Anzalone, hereinafter referred to as petitioner, is employed as a sales engineer and branch manager by The Producto Corporation of Detroit, Michigan. Petitioner filed his Federal income tax return for 1960 with the district director of internal revenue for the Cincinnati district of Ohio. Petitioner furnished his own automobile, together with the repairs and insurance thereon, in the performance of his duties for his employer. His employer furnished the gasoline for the car. Petitioner deducted on his 1960 return total travel expenses in the amount of $3,076.98. These travel expenses consisted, in part, of automobile expenses *258 in the sum of $1,089.43. The Producto Corporation paid the petitioner $1,744.87 as reimbursement for these expenses. In addition to and apart from the above payment of $1,744.87 made by The Producto Corporation to the petitioner as reimbursement for travel expenses, The Producto Corporation paid the petitioner an automobile allowance of $100 per month, or $1,200 per year, for the use of his car. The additional automobile allowance of $100 per month, or $1,200 per year, was not reported by the petitioner as income on his income tax return for the taxable year ended December 31, 1960. Also it was not included in the amount of $9,878.90, which was shown on Form W-2 as total wages paid the petitioner in the taxable year ended December 31, 1960. Respondent determined the $4,200 car allowance petitioner received in 1960 was to be included in his gross income for that year. On his income tax return for 1960 petitioner took deductions for one-third of items of expenses for maintaining his home, explaining that the deductions were claimed because of his use of his home for his employer's business, such as business telephone conversations and the preparation of daily, weekly and monthly *259 reports. Respondent disallowed this claimed deduction under the provisions of section 262 of the Internal Revenue Code of 1954 (as personal living and family expenses) and as not allowable under section 162 of the Internal Revenue Code of 1954 as ordinary and necessary business expenses. The itemized list of such home expenses claimed is as follows: Water
$ 6.66
Electricity
50.69
Telephone
126.14
Depreciation
106.13
Repairs
35.00
Total
$324.62
The Producto Corporation provided petitioner with an office located in Dayton, Ohio. The petitioner had a key to such office which enabled him to have access to the premises at all times. The distance between the petitioner's home and the office provided by his employer is 12 miles. It takes the petitioner 25 minutes to drive the distance from his home to his office. Petitioner is not required as a condition of his employment to provide his own space and facilities in his own home for the performance of his duties. The petitioner purchased a new station wagon in November 1959 and claimed depreciation under the straight line method at the rate of 20 percent per year for *260 the time used in that year. For the taxable year ended December 31, 1960, petitioner continued to compute depreciation on the same station wagon under the straight line method at the rate of 20 percent per year. The petitioner drove the station wagon in his business during the taxable years 1959, 1960, 1961 and 1962 and was driving the same vehicle in 1963 at the time of trial. In his petition, petitioner claimed he was entitled to depreciate the station wagon over a 2-year period and this claim seems to be the basis for his overpayment claim in the amount of $587.01. Opinion Petitioner tried his own case, was his only witness and he has filed no brief. No reason appears why petitioner should not have included the $1,200 car allowance he received in 1960 in his income. In the course of his employment he furnished his services and his automobile, together with repairs and insurance on the car. For said services and the use of his car for said year he was paid wages in the sum of $9,878.90, plus a car allowance of $1,200. The broad language of section 61(a), Internal Revenue Code of 1954, defining gross income as "all income from whatever source derived" *261 means such a car allowance is includable in gross income. There is no other statute that would exclude such a car allowance from income. Respondent was right in his determination that the $1,200 car allowance was includable in petitioner's gross income. The burden was on petitioner to show that his deduction of $324.62 was an ordinary and necessary expense in the carrying on of his business as a sales engineer and branch manager of the corporation that employed him. Richard Seibold, 31 T.C. 1017. There was no evidence at all that petitioner was required by his employer to provide space in his home for use in performance of his duties for his employer. He was furnished an office by his employer. What evidence there is would indicate petitioner's use of his home in connection with his job was for his own convenience. Petitioner wholly failed to establish that any of the expenses of maintaining his home were ordinary and necessary business expenses. Petitioner failed to establish his pleaded claim for additional depreciation for the station wagon based upon an estimated useful life of 2 years. During the year 1959 when petitioner bought the station wagon and the year *262 1960, the year in issue here, and subsequent years, petitioner computed his depreciation on this station wagon under the straight line method and at the rate of 20 percent per year. There is nothing to show the original estimated useful life of the vehicle, i.e., 5 years, or 20 percent per year, which was used by petitioner, and allowed by respondent, was improper. Decision will be entered for the respondent.