GUY R. AND RITA R. MOTTO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2386–69. Filed March 19, 1970.

Guy R. Motto, pro se.

*Bernard J. Boyle* and *Wayne I. Cherlow*, for the respondent.

## OPINION

The petitioner expended $2,322.61 in 1967 and $399.36 in 1968, as employment fees and related expenses, in order to obtain new employment. He deducted the sum of these amounts on his income tax return for the year ended December 31, 1967. We must, now, determine whether the respondent has erred in disallowing this deduction.

Section 162(a) provides as follows:

SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

We hold that the above-noted expenditures were incurred by the petitioner in carrying on his trade or business of being an engineer.

As to the amount expended in 1967, petitioner was entitled to a deduction under section 162(a). This case is indistinguishable from our recent court-reviewed opinion in *David J. Primuth*, 54 T.C. 374, (1970). In fact, the efforts of the same employment service, i.e., Chusid, were involved in both cases and, as it happened to develop, its efforts were successful. The sole difference, between that case and the instant one, resides in the fact that Primuth was in the trade or business of being a corporate executive and the petitioner, herein, is in the trade or business of being an engineer. See *David J. Primuth, supra* at 377,

for the rationale underlying this statement. We do not find any merit in this factual deviation [2] and, accordingly, incorporate our opinion in *David J. Primuth, supra*, herein, by this reference.

Concerning the amount of $399.36, expended by the petitioner in 1968, we must find for the respondent. While both expenditures were part and parcel of the same transaction, petitioner, however, made actual payment of the portion of his fee represented by the $399.36 to Chusid in 1968. Assuming as we do that the petitioner was a cash basis taxpayer,[3] the expenditure would seem to have been more properly deductible on his income tax return for the taxable year in which payment was made. Of course, since that year is not before us, we lack jurisdiction to determine the matter. We do not, however, leave petitioner without remedy; he may file a claim for refund within the time allowed by section 6511(a).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

TIETJENS, *J.*, concurring: I concur only because I am bound by the result in *David J. Primuth*, 54 T.C. 374. Otherwise, my heart and mind are with the dissent in *Primuth*.

DRENNEN, WITHEY, SCOTT, and HOYT, *JJ.*, agree with this concurring opinion.

---

TANNENWALD, *J.*, concurring: I agree with the majority for the reasons set forth in my concurring opinion in *David J. Primuth*, 54 T.C. 374.

DAWSON, *J.* agrees with this concurring opinion.

---

[2] The fact that petitioner is an engineer, if anything, supports our decision. Education, training, and experience would seem to bind the engineer to his profession, causing a more demonstrable continuity in carrying on his trade or business.

[3] Nothing to the contrary appears in the record of this case.