W. Richard Gerhard and Dawna V. Gerhard v. Commissioner.
Gerhard v. Commissioner
Docket No. 5933-69 SC.
United States Tax Court
T.C. Memo 1970-262; 1970 Tax Ct. Memo LEXIS 97; 29 T.C.M. (CCH) 1153; T.C.M. (RIA) 70262; September 15, 1970, Filed. W. Richard Gerhard, pro se, 2317 Mount Vernon Ave., Janesville, Wis.Alan B. Shidler, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency of $253.97 in petitioners' income tax for the taxable year 1967. The issues to be decided are (1) whether petitioners' moving expenses of $1,263.41 are properly deductible within section 217 [1] and (2) whether $52.00 expended in efforts to acquire new employment are deductible as section 162 expenses. All of the facts have been stipulated and are found accordingly. W. Richard Gerhard and his wife, Dawna Gerhard, are husband and wife and resided in Janesville, Wisconsin, at the time of filing the petition herein. They filed a joint income tax return for the taxable year 1967 with the district director of internal revenue, *99 Milwaukee, Wisconsin. Dawna Gerhard being a party herein only by virtue of filing a joint return, Richard will hereafter be referred to as petitioner. In early January of 1967 petitioner was employed as general manager by the Automatic Lathe Cutterhead Company (Automatic) located in High Point, North Carolina. High Point was also petitioner's home at that time. Petitioner terminated his employment with Automatic on January 18, 1967. At some time prior to February 27, 1967, petitioner moved, together with his family, from High Point to Janesville, Wisconsin, where on that date he commenced work as controller for Helgesen Harvestore, Inc. (Helgesen). His employment with Helgesen was involuntarily terminated October 31, 1967, after a total period of 35 weeks and 2 working days. From November 1967 to the present time petitioner has been a self-employed certified public accountant. In making the move from High Point to Janesville petitioner incurred expenses totalling $1,263.41. Also, in an effort to secure employment in Janesville, petitioner incurred expenses of $52.00. It is well settled that moving expenses are personal living expenses and not deductible without the special *100 provision of section 217. [2]Lloyd G. Jones, 54 T.C. 734 (1970), on appeal (C.A. 5, Aug. 20, 1970). Congress, in carving out this exception to the general rule of nondeductibility of personal expenses, set down specific conditions and provided that failure to comply with these requirements would prove fatal to the deduction. One such requirement is that subsequent to moving the taxpayer must be employed as a full-time employee in his new location for 39 weeks out of the 12 months immediately following the move. It is this provision that is the subject of dispute now before us. Petitioner *101 was employed by his new employer (Helgesen) for only 35.4 weeks. He clearly falls short of the required 39 unless the time spent as a self-employed certified public accountant can be tacked onto the time spent with Helgesen. Petitioner argues, first, that one who is self-employed is an employee within the meaning of section 217 and, secondly, that if this is not the case then such a distinction between employees and self-employed individuals is an arbitrary classification and as such is an unconstitutional violation of due process. Both of these arguments are without merit. It is clear that upon its enactment in 1964 section 217 was intended to allow expenses only to those who were employed 1155 by others. The legislation was initiated to remedy a discrepancy in the income tax treatment of employees who were reimbursed and those having to bear the burden of the expenditure themselves. Another motivating factor in the enactment of section 217 was the frequency with which an employee was forced to move for the convenience of his employer, thus clouding the personal nature of the expense. No such problem existed with respect to self-employed individuals where no possibility of *102 transfer exists and moves are made pursuant to personal considerations. It is unquestionable that Congress was aware of the distinction between a self-employed individual and one who is an employee; yet in drafting the statute they made reference only to employees. Similarly, the legislative history makes several references to "employee" and none to self-employed individuals. H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (pt. 2) 125 at 184 and 306. Further support for respondent is found in the committee reports of the Tax Reform Act of 1969 where it says: As indicated above, the committee amendments * * * modify the 39-week test, and make the moving expense deductions available for self-employed individuals. * * * Self-employed persons (who today do not qualify for any moving expense deduction) are to be allowed the deductions if during the 24-month period immediately following their arrival at the new principal place of work they perform services on a full-time basis during at least 78 weeks * * * The regulations leave no doubt as to the interpretation of the word "employee." Section 1.217-1(a), Income Tax Regs., reads in part: "The term 'employee' *103 as used in this section has the same meaning as in § 31.3401(c)-1 of this chapter (Employment Tax Regulations)." Section 31.3401(c)-1 defines "employee" to include: (a) * * * every individual performing services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee. * * * (c) Generally, physicians, lawyers, dentists * * * and others who follow an independent trade, business, or profession, in which they offer their services to the public, are not employees. A certified public accountant clearly falls within section 31.3041(c)-1(c). In defining employee in this manner we think the regulations under section 217 are not only reasonable but conform with the intention of Congress. We are not without sympathy for the petitioner's plight. That his case bears merit on the equities is borne out by the fact that were he to make the identical move today under the exact circumstances he could possibly prevail on two bases. The Tax Reform Act of 1969 amended section 217 [3] to include self-employed individuals, as well as providing for satisfaction of the 39-week test if discharged prior to fulfillment due to unforeseen *104 circumstances. Unfortunately for petitioner this provision is effective for taxable years after December 31, 1969, and is not retroactive. Petitioner argues that to treat employees and self-employed individuals differently is in violation of due process. That Congress has subsequently decided to include selfemployed individuals within section 217 does not indicate that their prior exclusion was unreasonable or arbitrary. To be in violation of due process and unconstitutional, a provision of the Internal Revenue Code must be arbitrary, capricious and unreasonable. Barclay & Co. v. Edwards 267 U.S. 442 (1924); Foley Securities Corp. v. Commissioner 106 F. 2d (C.A. 8, 1939), affirming 38 B.T.A. 1036 (1938). We conclude that the distinction made by Congress between self-employed individuals and employees is a reasonable classification and clearly within the bounds of the due process clause of the fifth amendment. The second issue to be decided is whether $52 expended in obtaining petitioner's job in Janesville is a deductible expense. These expenses were incurred in his effort to secure new *105 employment and are deductible under the doctrine set forth in David J. Primuth, 54 T.C. 374 (1970), on appeal (C.A. 7, May 28, 1970); Guy R. Motto, 54 T.C. 558 (1970), on appeal (C.A. 7, Jul. 15, 1970). Respondent's attempt to distinguish this case from our decision in Primuth is on the basis that petitioner's new position involves a different business than his former job. We disagree and conclude that this case and Primuth are not factually distinguishable. Decision will be entered under Rule 50. 1156 Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. SEC. 217. MOVING EXPENSES. (a) Deduction Allowed. - There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work. * * * (c) Conditions for Allowance. - No deduction shall be allowed under this section unless - * * * (2) during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks.↩
3. See particularly secs. 217(a), 217(d)(1)(B) and 217(f).↩