Marvin L. Dietrich and Marjorie Dietrich v. Commissioner.
Dietrich v. Commissioner
Docket No. 1784-70 SC.
United States Tax Court
T.C. Memo 1971-159; 1971 Tax Ct. Memo LEXIS 173; 30 T.C.M. (CCH) 685; T.C.M. (RIA) 71159; July 6, 1971, Filed. Truman Clare, 1st Nat. Bk. Bldg., Omaha,neb., for the petitioners. Leonard A. Hammes, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $159.37 in petitioners' Federal income tax for the year 1967. At issue are claimed deductions for automobile expenses and expenses for maintaining an office in petitioners' home, and an exclusion for the cash purchase of meals by petitioner Marvin L. Dietrich while on hospital duty as a resident physician. Findings of Fact Some of the facts have *174 been stipulated and are found accordingly. Marvin L. Dietrich and Marjorie Dietrich (herein called petitioners) are husband and wife whose legal residence was in Omaha, Nebraska, at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for the year 1967 with the district director of internal revenue at Omaha, Nebraska. During 1967 Marvin Dietrich (herein called Marvin) was employed as a first year resident physician in obstetrics and gynecology at the University of Nebraska Medical Center in Omaha. Marjorie Dietrich (herein called Marjorie) was employed as a registered nurse and instructor. During 1967 petitioners owned one car and leased another. From January 1967 to January 8, 1968, Marvin put 17,035 miles on the leased automobile. From July 1, 1967, until January 8, 1968, he used the automobile primarily for trips to and from and between his various hospital duties. Marvin did not know how many miles were on the car before July 1, 1967. He did not know how many miles after July 1 were business related. He did not know how many miles represent commuting from home to work, nor how many miles represent trips between hospital duties. *175 In addition to working at the University of Nebraska Medical Center, Marvin also worked at Clarkson Hospital, Immanuel Hospital, Lutheran Hospital, and Northside Clinic. His principal post of duty was at the University of Nebraska Medical Center; he "moonlighted" at the other hospitals. Clarkson is across the street from the Nebraska Medical Center. Marvin worked 10 nights in 1967 at Immanuel Hospital, which is 7 miles from the Nebraska Medical Center. He worked one night at Lutheran Hospital, which is 3 miles from the Nebraska Medical Center. He traveled the 6 miles to Northside Clinic not more than once each week. He has not shown that his non-commuting, business-related automobile mileage exceeded the 3,000 miles allowed by respondent. Marvin constructed a small office in the basement of his home. In 1967 he used it in preparing and grading lessons in connection with his teaching duties, to keep up with his medical reading, and to treat an occasional patient (without charge). Marjorie, a registered nurse and instructor, used the office for professional reading and for grading papers. They also used the desk in the office for paying personal bills. Petitioners were not required *176 by their respective employers to have an office at home, but they found the office to be the most convenient place for efficiently accomplishing some of their work. Marvin had no office nor any period of uninterrupted time for accomplishing these tasks at the various hospitals. On 85 occasions during the last half of 1967 Marvin had night duty at the various hospitals: 686 University of Nebraska
42 nights
Clarkson Hospital
32 nights
Immanuel Hospital
10 nights
Lutheran Hospital
1 night At the Nebraska Medical Center, the night duty, together with Marvin's regular day duty, meant that he was often at the hospital from 7 in the morning until 5 or 6 in the afternoon of the following day. Night duty at the other hospitals involved going directly from the Nebraska Medical Center to the other hospital, and returning directly to the Nebraska Medical Center the following morning. On occasions when Marvin had no duty the following day, he was in the hospitals for only 24 hours. In a 24-hour period, Marvin ate two hot meals at the hospital cafeterias. If he had another day shift, he ate three meals in approximately 36 hours. Marvin deducted, and respondent disallowed, *177 the cost of two meals of $1.25 each for the 85 long shifts. Prior to 1967 it was the custom of the Nebraska Medical Center to furnish free meals to resident physicians on duty. In 1967 the hospital had changed its policy by increasing salaries and eliminating free meals. When Marvin was on 24-hour or 36-hour shifts it was not practicable for him to take meals to work with him. He could not take meals off the premises. Opinion 1. Automobile Expenses. Petitioners deducted $600 on their 1967 Federal income tax return for 6,000 miles of business use on one of their automobiles. Respondent allowed $300, or the equivalent of 3,000 miles for business use. Marvin kept no records of his business mileage. His estimates appeared to include commuting mileage as well as trips between hospitals. Second and third trips from home to the hospital are still commuting trips. See James M. O'Hare, 54 T.C. 874 (1970); Margaret Galotta Sheldon, 50 T.C. 24 (1968); Lenke Marot, 36 T.C. 238 (1961). Petitioners failed to establish that their business mileage exceeded the amount allowed by respondent. 2. Office in Home. Petitioners maintained an office in their *178 home, which they used to do some work in connection with their employment. The notice of deficiency does not challenge the amount of petitioners' claimed deduction ($125); therefore we have ignored respondent's arguments as to substantiation. See William E. Robertson, 55 T.C. 862 (1971); Sidney Messer, 52 T.C. 440 (1969); Eleanor C. Shomaker, 38 T.C. 192 (1962). Respondent argues that an employee may not deduct the expense of an office in his home unless he is required to maintain one as a condition of his employment. He cites Rev. Rul. 62-180, 1962-2 C.B. 52. We reject this position. Newi v. Commissioner, 432 F. 2d 998 (C.A. 2, 1970), affirming a Memorandum Opinion of this Court. In Rev. Rul. 62-180, supra, respondent acknowledges that: The performance of services as an employee constitutes the carrying on of a trade or business. Therefore, the ordinary and necessary business expenses of an employee in connection with his employment are deductible. To meet the ordinary and necessary requirements of the statute, it is sufficient that the expense be "appropriate and helpful" to the taxpayer's business. *179 Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Welch v. Helvering, 290 U.S. 111, 113 (1933). We can see no reason for imposing a stricter standard upon taxpayers whose trade or business is that of an employee. Respondent cites Harold H. Davis, 38 T.C. 175 (1962), which disallowed home office expenses to a college professor. That case has a strange history. The Commissioner prevailed in this Court over vigorous dissent. On appeal to the Ninth Circuit, our decision was vacated and remanded for entry of decision in accordance with the stipulation of the parties. On remand, this Court entered a decision of no deficiency. The Commissioner apparently abandoned his position. In any event, the Davis case must now be considered in the light of more recent opinions. See, e.g., Newi v. Commissioner, supra; and Stanley E. Bailey, T.C. Memo. 1971-107. With regard to other types of employee expenses, we have often allowed deductions for items which were not required by an employer, but which were appropriate for the job. As for clothes, it is sufficient that they are appropriate for the job and that they are not adaptable *180 for ordinary street wear. Betsy Lusk Yeomans, 30 T.C. 757 (1958); Willard I. Thompson, 15 T.C. 609 (1950) (clothes "required" by the work were "related to and 687 necessary to" the work); Helen Krusko Harsaghy, 2 T.C. 484 (1943). With regard to education expenses, they are deductible if required by an employer or if the education "maintains or improves skills required by the individual in his employment." Section 1.162-5(a)(1), Income Tax Regs. See Stanley Marlin, 54 T.C. 560 (1970). As for dues to professional societies and subscriptions to professional journals, it is respondent's position that these may be claimed by employees as itemized deductions. No requirement by the employer is mentioned. Rev. Rul. 54-565, 1954-2 C.B. 95, see also Rev. Rul. 66-261, 1966-2 C.B. 47. Travel expenses in excess of reimbursement are deductible by employees. They must be ordinary and necessary, but they need not be specifically employer-approved. Section 1.162-17(b)(3), Income Tax Regs. We can assume that in some cases the employee will decide when to incur such travel expense. Finally, we note the deductibility of *181 certain employment-agency fees. See David J. Primuth, 54 T.C. 374 (1970); Guy R. Motto, 54 T.C. 558 (1970). While such expenses may be required for finding a job (an expense of the taxpayer's trade or business), they are not required by any particular employer. In short, we think there is ample authority to refute respondent's position as it applies to employee expenses in general. And he has advanced no convincing reasons for treating the office in home expenses in this case in such a manner. We think petitioners. expenses were "ordinary and necessary" and proximately related to their work. Marvin's duties as a resident physician involved both patient care and teaching. It was necessary for him to keep abreast of current activities in his medical journals to maintain his professional competence. It was also necessary that he prepare and grade lessons for his students. He made use of slack time on duty to tend to these duties, but the hospitals did not provide him with either an office or uninterrupted opportunities to accomplish his tasks. It was therefore appropriate and helpful in performing these duties that he have an office in his home. Marjorie, *182 who is a registered nurse and an instructor, made similar use of the office in their home. The office consisted of a separate room in the basement which was furnished with a desk, chairs, and bookcases. They made little personal use of it. Accordingly, under these particular circumstances, we hold that petitioners are entitled to the $125 deduction claimed. 3. Meals purchased at hospitals. Marvin claims that he is entitled to exclude the value of meals which he purchased on the hospital premises. He had the choice of buying or not buying the hospital meals, and had control over the quantity of food purchased at each meal, but he could not take meals off the premises during working hours. Petitioner relies on Boykin v. Commissioner, 260 F. 2d 249 (C.A. 8, 1958). In that case the taxpayer was required to accept lodging on the premises, and the rent was deducted from his salary. That amount was held to be excludable under section 119. The amount charged for a garage, which taxpayer was not required to rent, was not excludable. The distinction with respect to meals is reflected in section 1.119-1(a)(3)(i) and (ii), Income Tax Regs. Here the meals Marvin purchased at the *183 hospitals fall within section 1.119-1(a)(3)(i) which provides: (i) If an employer provides meals which an employee may or may not purchase, the meals will not be regarded as furnished for the convenience of the employer. Thus, meals for which a charge is made by the employer will not be regarded as furnished for the convenience of the employer if the employee has a choice of accepting the meals and paying for them or of not paying for them and providing his meals in another manner. The meals were not furnished "in kind" by the hospitals. The costs of the meals are not excludable from Marvin's income. Example (8) of section 1.119-1(d), Income Tax Regs., covers this situation. Accordingly, we hold that the amounts paid by Marvin at the hospital cafeterias were personal living expenses, and that Congress, in enacting section 119 of the Internal Revenue Code, did not intend to allow an exclusion or a deduction for the purchase of meals under these circumstances. It is our understanding that Marvin is not claiming a deduction under section 162(a). It would be to no avail, United States v. Correll, 389 U.S. 299 (1967), because the meals were not purchased *184 "while away from home" in pursuit of his business. To reflect the conclusions reached herein, Decision will be entered under Rule 688