FRED W. AND VELIA M. PHILLIPS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 5043-70.
United States Tax Court
T.C. Memo 1973-58; 1973 Tax Ct. Memo LEXIS 229; 32 T.C.M. (CCH) 255; T.C.M. (RIA) 73058; March 12, 1973, Filed David L. Gillette, for the petitioners. Clay Freed, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION
FAY, Judge: Respondent determined a deficiency in the income tax liability of petitioners as follows: 1966
$911.82
1967
998.07
1968
1,041.31
The issues are whether petitioner Fred W. Phillips is entitled to a deduction for either employee expenses incurred while away from home or unreimbursed employee expenses incurred as a necessary expense of petitioner's *230 employment. FINDINGS OF FACT
Some of the facts have been stipulated; they are so found and incorporated herein by this reference. Petitioners, Fred W. Phillips and Velia M. Phillips, filed a joint Federal income tax return for each of the calendar years 1966, 1967 and 1968. The 1966 return was filed with the district director of internal revenue at Salt Lake City, Utah. The returns for 1967 and 1968 were filed with the Internal Revenue Service Center at Ogden, Utah. Petitioners' legal residence at the time of filing the petition herein was Roy, Utah. Petitioner Velia M. Phillips is a party herein only by reason of having filed a joint return with her husband, Fred W. Phillips, and the latter will hereinafter be referred to as petitioner or Phillips. Petitioner is a logistics engineer employed in the Autonetics Division of North American Rockwell Corporation. During the year 1966 North American Rockwell Corporation was known as North American Aviation, Inc.
Beginning in July 1960 Phillips was assigned to work in the North American plant at Anaheim, California. During September 1961 Phillips was assigned by North American to work at Hill Air Force Base, Ogden, Utah. *231 His assignment to work at Hill Air Force Base was extended from time to time with the result that his assignment at Hill 3 has encompassed the period of time from September 1961 to date. When petitioner moved from Anaheim to work at Hill he brought his family with him. About a year after moving to Utah Phillips sold the house he owned in California. He then owned no property in California.Upon moving to Utah petitioner first leased houses for himself and his family, and later, in August 1968, he purchased a house in Utah. After moving to Utah petitioner secured a Utah driver's license and registered his automobile in Utah. During each of the years 1966, 1967 and 1968 Phillips received a per diem allowance from North American. The per diem allowance was a specified daily allowance paid by North American to defray his living expenses. Petitioner's entitlement to the per diem allowance was not dependent upon him incurring any expense on behalf of North American. Petitioner was paid per diem for days he was on the job. The amount of per diem paid to petitioner as reported by North American differs from the amount reported by petitioner. [1]
*232 4 During the years 1966, 1967 and 1968 North American had published rules prescribing reimbursement provisions and associated matters applicable to petitioner's work assignment at Hill. North American's published rules provided that authorized mileage to conduct company business would be reimbursed to employees such as petitioner at the rate of ten cents a mile. Petitioner was a field manager for North American and had supervisory capacity over as many as 40 people. In order to correctly carry out all of his functions as a field manager, it is essential that petitioner perform the following duties: (1) furnish transportation for visiting dignitaries from North American and Air Force personnel associated with the project; (2) escort newly assigned personnel on an orientation tour of the base; (3) transport items to and from airports and post offices in the area; (4) make numerous trips from his central headquarters building to various buildings which housed elements of the North American project; and (5) attend various Air Force symposiums and seminars related to his project. In addition, petitioner had to occasionally allow fellow employees to use his car in performance *233 of business related duties. Prior to 1966 petitioner sought and received incidental expense reimbursements for mileage for many of his 5 activities. However, because of severe underfunding problems this practice had to cease. In 1965 H. D. Rodman, petitioner's immediate supervisor, instructed petitioner to curtail reimbursement requests for his business use of his personal automobile. These verbal instructions countermanded some of the company regulations controlling reimbursement policy. Petitioner was allowed only a maximum of $20 per month (200 miles) reimbursement. Petitioner was informed that government transportation was available as an alternative but this means of transportation was totally inadequate for petitioner's needs. Petitioner continued to use his own car to perform the functions necessary to his employment. Though he and his fellow employees used his car far in excess of the 200 mile per month reimbursement figure, petitioner only requested reimbursement of $20 per month. The following table shows the number of miles petitioner's personal automobile was driven, either by petitioner or by one of the employees he supervised, during the years 1966, 1967 *234 and 1968: 1966
1967
1968 Miles driven on and off Hill Air Force Base by petitioner pursuant to company business
29,620
32,164
34,657
Less: Miles reimbursed
4,562
3,816
1,948
Miles driven for which no reimbursement was received
25,058
28,348
32,709 6 Petitioner did not include any of the per diem expenses in his taxable income for the years in question. Respondent increased petitioner's taxable income to reflect the inclusion of these per diem amounts. OPINION
There are several issues for decision.In 1966, 1967 and 1968 petitioner received per diem expenses from his employer. Petitioner, assuming that these per diem payments represented payments for expenses incurred by him as an employee while away from home, failed to include them in his taxable income for the years in question. In 1966 he simply did not include them in his gross income at all, while in 1967 and 1968 he included the amounts in gross income but adjusted his gross income to reflect the deduction of the per diem as an employee business expense under sections 62(2) (B) and 162(a) (2). [2]
*235 7 All of the per diem amounts should have been included in gross income. See section 61(1) (1). [3] None of the amounts were deductible from gross income as employee expenses incurred while away from home. An engineer who is transferred to a new duty station is not allowed a deduction for meal and lodging expenses incurred at that duty station unless he can show that he retained a permanent place of abode in 8 the area from which he was transferred. See Leo M. Verner, 39 T.C. 749 (1963). [4] Petitioner moved his family to Utah, sold his property in California and eventually purchased a home in Utah. In short, petitioner has established a new home in Utah and there is no evidence of any remaining ties to the area he lived in prior to transfer. *236 Petitioner is however entitled to a deduction under section 62(2) (C) [5] for unreimbursed transportation expenses incurred in connection with his performance as an employee. These expenses amount to $2,067.20 in 1966, $2,319.88 in 1967, and $2,681.19 in 1968. [6]
Petitioner as a field manager serves in an engineer-administrator capacity. We have previously held that an employee in such an occupation is engaged in a trade or business of being an employee for purposes of section 162. 9 See Leonard F. Cremona, 58 T.C. 219 (1972), on appeal (C.A. 3, Dec. 27, 1972); *237 Guy R. Motto, 54 T.C. 558 (1970); and Kenneth R. Kenfield, 54 T.C. 1197 (1970). The determinative factor in deciding whether petitioner is entitled to deduct transportation expenses for the use of his personal automobile is whether they qualify as "ordinary and necessary" expenses. This Court and others have held that where an employee personally incurred expenses that enabled him to better perform his work such expenses are ordinary and necessary and are deductible. See Schmidlapp v. Commissioner, 96 F.2d 680 (C.A. 2, 1938); Benjamin Abraham, 9 T.C. 222 (1947); Grover Tyler, 13 T.C. 186, 192-93 (1949); and Harold A. Christensen, 17 T.C. 1456 (1952). Cf. Noland v. Commissioner, 269 F.2d 108 (C.A. 4, 1959), affirming a Memorandum Opinion of this Court. In the case at bar petitioner has convinced us that the use of his personal auto by himself and employees working under him was necessary if petitioner was to adequately perform his job. There are many circumstances in which an employee in a managerial function must resort to whatever means are available to fulfill the requirements of his *238 job. This is but another one of those instances. In short, the use of his car was a condition to his employment. Petitioner was a field manager and 10 his responsibilities covered many areas. Essentially, he had five or six major duties to perform in order to fulfill his function, and there was no feasible alternative to using or lending his car in the performance of these duties. Alternate methods of transportation were inadequate and uneconomically time consuming. Respondent contends that whenever petitioner used his personal auto in justifiable company business it was company policy to reimburse petitioner. Therefore, to the extent his auto was used for company business and petitioner did not claim reimbursement, he had voluntarily given up his right to reimbursement, and the expenses incurred would not constitute ordinary and necessary expenses of carrying on a trade or business. "Automobile expenses, for which the taxpayer could have been reimbursed by his employer had he made claim therefor, are not necessary expenses of the taxpayer although paid by him." See Horace E. Podems, 24 T.C. 21 (1955); William C. Stolk, 40 T.C. 345, 356 (1963), *239 affd. per curiam 326 F.2d 760 (C.A. 2, 1964); and Heidt v. Commissioner, 274 F.2d 25 (C.A. 7, 1959), affirming a Memorandum Opinion of this Court. While we agree with the legal principle relied on by respondent, we do not agree that that principle is applicable to the facts of this case. It is true that North American's published rules provided for reimbursement. 11 However, there is more than adequate testimony from both petitioner's and respondent's witnesses that these rules could have been and were verbally countermanded by the company's field representatives. Based on all the evidence of record, we are convinced that in the case at bar the published rules were countermanded by petitioner's superior who verbally limited petitioner's right of reimbursement to $20 per month. Cf. C. D. Fountain, 59 T.C. (Feb. 22, 1973). Petitioner did demand and receive reimbursement to the allowed extent; as to the remaining expenses there was no voluntary relinquishment of a right to reimbursement, for no such right was ever in existence. Decision will be entered under Rule 50. Footnotes
1. Respondent has noted this discrepancy and asked that we take this into account in determining the correct deficiency. The evidence is contradictory as to which are the appropriate figures, and we will not adjust the deficiency to reflect any amounts other than those reported by North American. ↩
2. All section references are to the Internal Revenue Code of 1954. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: * * * (2) Trade and Business Deductions of Employees. - * * * (B) Expenses for Travel Away from Home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. SEC. 162.TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * ↩
3. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; ↩
4. See also J. B. Stewart, T.C. Memo. 1971-307↩, a case very similar to the present case involving an engineer employed by North American and assigned to Hill Air Force Base from California. 5. SEC. 62(2) Trade and Business Deductions of Employees. - * * * (C) Transportation Expenses. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of transportation paid or incurred by the taxpayer in connection with the performance by him of services as an employee. ↩
6. These computations are based on allowances found in Rev. Proc. 66-10, 1966-1 C.B. 622↩. Petitioner also claimed unreimbursed expenses for trips made away from Utah in the years in question. This deduction has been denied because the record reveals he was reimbursed for all of those trips.