**Peter A. and Barbara A. HALL**

v.

**UNITED STATES of America.**

Civ. A. No. 74–93.

United States District Court,
D. New Hampshire.

Jan. 8, 1975.

Jack B. Middleton and Robert A. Wells, McLane, Graf, Greene & Brown, Manchester, N. H., for plaintiffs.

Daniel J. Dinan, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

BOWNES, District Judge.

Plaintiffs bring this action to recover federal income taxes and interest in the amount of $45.22, which they allege were illegally assessed and collected. Jurisdiction is based on 28 U.S.C. § 1346.

The issue is whether during the taxable year 1972 plaintiffs were entitled by 26 U.S.C. § 162 to deductions ("§ 162 deductions") for expenses made in connection with the maintenance and use of an office at their residence. I rule that 26 U.S.C. § 162 permits such deductions.

## FACTS

The following facts are stipulated. Plaintiffs are husband and wife domiciled in Manchester, New Hampshire. (Peter A. Hall is the principal party in this case and, therefore, he will hereinafter be referred to as plaintiff.) Plaintiff timely filed a federal joint income tax return (Form 1040) for the calendar year 1972. The liability reported thereon was paid in full and plaintiff received an overpayment refund of $847.68. Upon audit of plaintiff's federal joint income tax return for the calendar year 1972, the Commissioner of Internal Revenue, through his duly authorized representatives, assessed against the plaintiff a deficiency in tax plus assessed interest in the amounts of $43.68 and $1.54, respectively. On December 4, 1973, plaintiff paid the assessment referred to above in the total amount of $45.22. On January 4, 1974, plaintiff timely filed a claim for refund (Form 843) alleging, *inter alia,* that he was entitled to deductions for "office in home expenses." On April 5, 1974, a statutory notice of claim disallowance was mailed to the plaintiff which disallowed the "office in home expenses" involved in this suit. Other deductions, not in issue in this suit, were allowed to the plaintiff. Because of those deductions allowed to the plaintiff, which are no part of this litigation, the plaintiff was refunded tax and assessed interest in the amounts of $9.88 and $.35, respectively, for a total amount of $10.48. The mathematical computation of the "office in home expense" by plaintiff in the following amounts is not disputed:

| | |
|---|---|
| Depreciation on home | $84.04 |
| Office equipment | 46.06 |
| Utilities | 65.29 |

The parties agree that time allocation in the plaintiff's use of his home for business is not in issue.

The following facts were established at the trial. At all times relevant to this suit, the plaintiff was a high school English teacher at West High School, Manchester, New Hampshire (the "school"), and employed by the City of Manchester School Committee ("employer"). Plaintiff spent seven hours daily for the one hundred eighty-three school days following Labor Day at the school teaching five classes, three of which were in either mass media or mass media and film. His remaining hours at the school were allocated between lunch (twenty minutes), supervision of a study period for approximately seventy-five students and a teacher preparation period of forty-seven minutes. In addition, the plaintiff was faculty adviser to the school's photography club, which met twice weekly for an hour or less and took occasional field trips.

The plaintiff stated that he could not prepare fully for the following day's classes in the forty-seven minute teacher preparation period. Other witnesses substantially agreed that a teacher's work, particularly an English teacher's, extends beyond the seven hours he is contractually required to be at the school. Plaintiff estimates that he spent twenty hours each week preparing for upcoming classes.

Plaintiff could have completed this work either: (1) by remaining at school after classes; (2) returning to school after dinner; or (3) using an office at home. Plaintiff lived approximately five miles from the school, and the drive between it and home took about fifteen minutes.

By remaining at school, plaintiff would have had to have begun three to four hours preparation for the following day immediately after a seven hour teaching day that started at 7:45 A.M.

In the fall, plaintiff would have had to have insulated himself from practicing cheerleaders and other disturbing noises. In the winter, plaintiff would have been subjected to an erratic heating system, joggers running in the halls and other encroachments upon intellectual concentration.

Returning to school after dinner at home would have eliminated much of the interfering noise. It would have, however, added a half hour of sometimes dangerous driving time and concomitant fuel expense to plaintiff's teaching burdens. The heating problem would have remained and added to it would have been the problem of telephoning after normal business hours to solicit help in the preparation of field trips or acquisition of films.

The school neither encouraged nor discouraged teachers respecting after hours activities at school. While Art. V, § A(2)(c) [1] of the 1972 Agreement between the Manchester Board of School Committee and the Manchester Education Association may be taken as a mutual contemplation of after-hour activity at the school, the policy of withholding keys to the school from nonadministrative faculty implies that neither party to the Agreement contemplated after-hours comings and goings as a matter of course. It was the opinion of Mr. McLaughlin, the Superintendent of Manchester Schools, that the school provided facilities sufficient to permit preparation for the next day.

Instead of remaining or returning to the school, the plaintiff elected to segregate a portion of his home (the "home-office") for school-related activities, such as correcting papers, typing tests, reading journals, organizing field trips and preparing for class. Plaintiff deducted expenses arising out of the use of the home-office, and it has been stipulated that the amount in controversy is $45.22.

1. Teachers may be required to remain longer after school to assist students in subject matter areas on certain days, as determined by the Principal.

## THE ISSUE

Are the costs incurred in connection with the home-office "ordinary and necessary expenses" within the meaning of 26 U.S.C. § 162?

## ANALYSIS AND RULINGS

26 U.S.C. § 162, Trade or business expenses, provides in relevant part that:

There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

■ As an employee, plaintiff is "carrying on [a] trade or business" within the meaning of the referenced statute. Stephen A. Bodzin, 60 T.C. 820 (1973); Rev.Rul. 62–180, 1962–2 C.B. 52. Such expenses are considered ordinary, not capital expenses. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933).

■ In support of his argument that his home-office expenses are "ordinary and necessary," plaintiff claims that "ordinary and necessary" means "appropriate and helpful." He relies on the recently decided Stephen A. Bodzin, *supra*, which is being appealed. In *Bodzin*, an I.R.S. attorney made a deduction similar to plaintiff's under strikingly similar circumstances. Like plaintiff, that petitioner:

was not required, requested, expected, or encouraged to work after normal working hours. Nevertheless petitioner's duties and responsibilities were of such a nature that he frequently deemed it desirable to work overtime in order to meet deadlines, *self-imposed or otherwise,* and to ensure that work was performed to the best of his abilities. (Emphasis supplied.) *Bodzin, supra,* 60 T.C. at 822.

Bodzin lived ten miles from his work. He generally transported himself by a car pool. If he missed it by a late departure, his alternatives were to: (1) go home and return after dinner; (2) use public transportation and either eat late at home, eat at work or not at all; or (3) bring the work home. Bodzin chose the latter, believing it the more "convenient" and "efficient," *id.* at 823, despite that his office was always open, well-heated and air-conditioned. (*Id.* at 824)

The court held for the petitioner, ruling that:

The applicable test for judging the deductibility of home-office expenses is whether, like any other business expense the maintenance of an office in the home is *appropriate and helpful* under all the circumstances. (Emphasis supplied.) (*Id.* at 825) [2]

In reaching its conclusion, the court noted that the existence of duplicate facilities did not void its decision, *id.* at 825–826, and rejected the argument that a home-office must be "required in order to properly perform the employment duties." (*Id.*) [3]

In other cases having facts similar to ours, one court, realizing that teaching styles and ambitions may differ, stated that it is immaterial that teaching colleagues could complete their tasks at the school. Denison v. Comm., 30 T.C.M. 1074, 1078 (1971). Another court permitted home-office deductions where it was convinced that a home-office was "the most convenient place for efficiently accomplishing some of [petitioner's] work." Dietrich v. Comm., 30 T.C.M. 685 (1971).

Defendant's argument is that the § 162 deductions claimed by plaintiff are available only if necessary to perform properly the employment duties, and that voluntary use of a home-office, or use of a home-office only as a matter of convenience does not permit such deduc-

---

2. "Necessary" has often been defined as "appropriate and helpful." *See, inter alia,* Comm. v. Tellier, 383 U.S. 687, 689, 86 S.Ct. 1118, 16 L.Ed.2d 185 (1966).

3. The argument that § 162 deductions are only available if an employer requires an employee to provide his own facilities had been rejected in Newi v. Comm., 432 F.2d 998 (2d Cir. 1970).

tions. Defendant admits readily that its position is at odds with *Bodzin's* holding that a home-office need not be "required in order to properly perform the employment duties," *Bodzin, supra,* 60 T.C. at 826, but claims that *Bodzin* "is simply wrong." (Dept. of Justice Brief at 4)

In support of its position, the defendant refers the court to three cases. None of them, however, contradict either *Bodzin* or its line of authority. O'Connell v. Comm., 31 T.C.M. 837 (1972), disallowed home-office deductions. It did so because petitioner had failed to show "that [he] could not have done his work at the office as well or better than at his apartment." (*Id.* at 843) The court noted that this failure distinguished its case from *Newi, supra* at n. 3. An ancillary reason was that the court found the alleged allocation of time spent working at home "improbable." Kelly v. Comm., 23 T.C.M. 472 (1964), disallowed home-office deductions taken by an airline pilot. The court did not find such deductions "necessary." (It also found insufficient segregation of a portion of the home and an unreasonable relationship between the amount claimed and the amount actually expended.) In Anzalone v. Comm., 23 T.C.M. 497 (1964), the court found that the home-office was for convenience only.

*O'Connell* suggests that the court would have held for petitioner had he established that he could have done his work "as well or better" at his apartment as at his office. The *Kelly* holding that home-office deductions taken by an airline pilot are not "necessary" is not inconsistent with a definition of "necessary" as "appropriate and helpful." Finally, the *Anzalone* ruling that convenience only does not obtain § 162 deductions is not disputed by other cases and is not contended here. Therefore, the *Bodzin* decision is compatible with the cases cited by defendant. More signifi-

cant, I find the reasons that led to that decision compelling.

■ In this case, plaintiff has proved that his home-office is appropriate and helpful. Plaintiff's job requires periods of insulated concentration and ready access to auxiliary equipment like telephone, typewriter, reference books and journals. As defendant's only witness noted with reference to a home-office, "An area which is quiet . . . is certainly advisable and appropriate." In view of the hours spent at the school, plaintiff's claim that an interlude is often needed before resuming his duties is reasonable, and it would be neither reasonable nor helpful to require the plaintiff to drive to and from home to enjoy that interlude.

The *Bodzin* ruling makes § 162 deductions available to employees as well as to taxwise employers and entrepreneurs. Any ruling that even tends to make the Internal Revenue Code more equitable should be welcomed. There is no statutory basis for not allowing the deduction. Reason and common sense favor this type of deduction because it encourages the taxpayer to become a more conscientious and efficient worker.

■ Moreover, the fear that *Bodzin* opens the door to a caseload beyond the scope of the Department of Justice's capability may be exaggerated, because the taxpayer still bears the burden of establishing the appropriateness and helpfulness of his home-office, as well as the propriety of his allocations. In any event, the proper forum for amending a statute that the Department of Justice finds burdensome is Congress, not the courts.

I rule that the deductions taken by plaintiff were ordinary and necessary expenses within the meaning of 26 U.S. C. § 162.

So ordered.