HOWARD L. AND JANICE A. CORNUTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cornutt v. Commissioner
Docket No. 1536-81.
United States Tax Court
T.C. Memo 1983-24; 1983 Tax Ct. Memo LEXIS 767; 45 T.C.M. (CCH) 515; T.C.M. (RIA) 83024; January 13, 1983. Howard L. *768 Cornutt, pro se. William S. Miller, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $650. The only issue for decision is whether a deduction is allowed under section 162(a) for local transportation expenses incurred by Mr. Cornutt in seeking employment in his profession as a certified public accountant. FINDINGS OF *769 FACT Some of the facts have been stipulated by the parties and are found accordingly. The petitioners resided in Tigard, Oregon when they filed their petition in this case. Petitioners timely filed a joint income tax return for 1978 with the Internal Revenue Service Center at Ogden, Utah. During 1978 petitioner Howard A. Cornutt (hereinafter petitioner) was a certified public accountant (CPA) employed as a tax manager with a national certified public accounting firm (firm) in Portland, Oregon. Petitioner had been an employee of the firm since he graduated from college in 1968. Sometime during the early part of 1978, petitioner began to explore the possibility of leaving his position with the firm to practice accounting, either as a sole proprietor or as a partner, in a certified public accounting firm. Since petitioner had practiced as a CPA for a substantial period of time in the Portland area, he decided to limit his new employment to the Portland metropolitan area. To determine the feasibility of leaving his position with the firm, petitioner decided it was necessary to first determine if he had a reasonable opportunity of attracting accounting clients for his proposed *770 accounting practice. With this thought in mind petitioner began calling on many of the clients of the firm for whom he had performed services during his tenure with the firm. In those instances where he was well acquainted with the clients, he disclosed his proposed plan of starting an accounting practice to determine whether these clients would have him perform their accounting services if he left the firm. Petitioner met with other firm clients for the purpose of establishing a better rapport with the hope that they would become future accounting clients. Petitioner also contacted other potential accounting clients who were not of the firm. In addition to his activity of establishing a client base, petitioner had discussions with other CPA's concerning the possibility of forming a partnership and obtained their views on the advisability of practicing accounting as a sole proprietor. Petitioner also investigated the availability and cost of office space, looked for office equipment, and worked out other miscellaneous details necessary to start an accounting practice. On October 1, 1978, petitioner executed a partnership agreement with a CPA who was also an employee of the *771 firm. Petitioner and his future partner terminated their employment with the firm during November 1978. On December 1, 1978, petitioner and his partner commenced their accounting practice in the metropolitan area of Portland, Oregon. OPINION The transportation expenses that are in dispute herein were incurred by petitioner while performing the above-described activities. The major portion of the expenses was incurred in meeting with the various prospective clients. Respondent has disallowed the expenses on the ground that they were incurred in establishing a new trade or business and should be capitalized as organizational expenditures. Petitioner's position is that the transportation expenses are deductible as ordinary and necessary business expenses incurred in his trade or business as a CPA. Respondent bases his conclusion that petitioner's transportation expenses were incurred in a new trade or business on the proposition that a person who is an employee is in a different trade or business than a person who is self-employed. Consequently, respondent contends that the expenses are not currently deductible, but must be capitalized as expenses of organizing a new trade *772 or business. We think respondent has drawn his line too fine. The test in determining whether a taxpayer is seeking employment in a new trade or business is measured by the nature of his employment rather than the status of his employment. See Primuth v. Commissioner,54 T.C. 374, 381-382 (1970). Here the petitioner became disenchanted with his position as a CPA at the firm. As a result, he incurred the expenses to cultivate potential accounting clients. Obviously, the expenses were incurred to benefit petitioner in seeking new employment as a CPA whether or not he eventually found employment as a self-employed CPA or in some other accounting capacity. In Primuth v. Commissioner,supra, this Court held that a corporate executive could deduct expenses incurred to obtain a position as a corporate executive with a different corporation. The focus of our opinion was not on the fact that the taxpayer was an employee but on the fact that he was in the trade or business of being a corporate executive. See also Cremona v. Commissioner,58 T.C. 219 (1972), involving a taxpayer who was in the trade or business of being an administrator; *773 Motto v. Commissioner,54 T.C. 558 (1970), involving a taxpayer who was in the trade or business of being an engineer. We think that where such expenses are involved the line between one's current employment and seeking immediate self-employment is too fine to draw. Therefore, we hold that the petitioner's transportation expenses are deductible as trade or business expenses under section 162(a) because they were incurred by him to improve his employment opportunities in his profession as a CPA. As an alternative position respondent argues that the expenses incurred by petitioner are not deductible under section 709(a) since the expenses were incurred to organize a partnership. Section 709(b)(2) defines organizational expenses of a partnership as those expenditures which (1) are incident to the creation of the partnership; (2) are chargeable to the capital account; and (3) are of a character which, if expended incident to the creation of a partnership having an ascertainable life, would be amortized over such life. We disagree with respondent's position. We think the facts are clear that the transportation expenses were all incurred to improve petitioner's *774 professional opportunities. Although petitioner eventually formed a partnership, this event did not occur until the expenses in dispute herein were incurred. Further, the expenses were not incident to the creation of the partnership, but were incurred to determine if petitioner could establish sufficient accounting clients before leaving the firm to practice as a CPA, without regard to the form of the entity to be used. Also, since no assets were acquired as a result of the expenditures, such expenses are not of a character that should be capitalized. Primuth v. Commissioner,supra at 380. Decision will be entered for the petitioner.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.