**William H. MANESS and Betty R. Maness, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 64–97–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Jan. 7, 1965.

Dowling, White & Mooers (Hugh R. Dowling, W. Preston White, Jr., John W. Mooers) Jacksonville, Fla., for plaintiffs.

Edward F. Boardman, U. S. Atty., J. Patrick Whaley, Tax Division, U. S. Dept. of Justice, defendant.

McRAE, District Judge.

This case is before the Court on motions of both plaintiffs and defendant for summary judgment. There is no dispute as to the facts, these having been stipulated by the parties. The sole issue presented is the interpretation of provisions of the Internal Revenue Code in their application to certain expenses incurred by plaintiff, William R. Maness, in his

1958 campaign for re-election to the office of Circuit Judge in and for the Fourth Judicial Circuit of Florida. Plaintiff, Betty R. Maness, is a party to this suit for refund of taxes simply by virtue of the joint return which was filed by her husband and her.

In November, 1957, Maness was appointed to the office of Circuit Judge by the Governor and, as required by law, discontinued all private practice of law. Under the laws of the State of Florida, it was necessary for Maness to qualify as a candidate to succeed himself in the Democratic Primary and in the General Election held in 1958, in order to continue in the office of Circuit Judge. The laws of Florida required Maness to pay $810.00 to the Secretary of State of Florida as qualifying fees and committee assessments in order to qualify as a candidate in the party primary. In addition, Maness spent $1590.00 in his campaign for re-election. Maness refused to accept campaign contributions and paid all of these sums from his own personal funds. The government conceded that these expenditures were normal and reasonable in amount.

In their joint tax return for 1958, plaintiffs sought to deduct these amounts as business expenses, but such deductions were disallowed by the Commissioner. Plaintiffs paid an additional assessment of $1200.00, plus statutory interest in the amount of $197.52, and filed a timely claim for refund. This claim was denied, and the present suit was filed seeking recovery of these additional taxes, together with interest.

In the view of this Court, two questions require consideration:

1. Are reasonable campaign expenses of a candidate for public office deductible as ordinary and necessary expenses for the production of income under Section 212 of the Internal Revenue Code?

2. Are qualifying fees and assessments paid pursuant to State law deductible as "taxes" within the meaning of Section 164 of the Internal Revenue Code?

Before his appointment as Circuit Judge, Maness had been a successful lawyer for a number of years. Upon his appointment to the bench, he was required by law to give up this profitable pursuit and in large part depended upon the salary of that office for his livelihood. In order to continue in the office and to continue receiving the income from that office, it was necessary in 1958 to place his campaign before the electorate in both the party primary and the general election.

When persons run for public office, it is often necessary, as it was with Judge Maness, that they suffer the expense of fees and assessments even if they do not have opposition. If they are faced with opposition, they must, in addition, spend money to advertise their campaigns. If these persons were engaged in private ventures, there is no question that such ordinary and necessary expenses would be deductible. For example, it has been held that monies spent by a group in seeking proxies in an "election" for control of a corporation are deductible under Section 212. Surasky v. United States, 325 F.2d 191 (5 Cir.1963). Indeed, a dairy corporation has even been allowed to deduct the cost of sending its president on an African safari as an advertising expense under Section 162. Sanitary Farms Dairy Inc. v. C.I.R., 25 T.C. 463 (1955). Yet public officials are apparently treated differently. Quite contrary to the principles of taxing *net income*, public officials are taxed on the income they derive from their offices and at the same time are denied the deductions for the legitimate, ordinary and necessary expenses which they are forced to incur in order to obtain their offices and the consequent income. This is not a congressional determination. As Mr. Justice Black pointed out in his dissent in McDonald v. C.I.R., 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68, the language of Section 212, 26 U.S.C., is sufficiently broad to allow a deduction for the expenses so incurred. This section provides:

"In the case of an individual, there shall be allowed as a deduction all the

**920**

ordinary and necessary expenses paid or incurred during the taxable year—

"(1) for the production or collection of income;

"(2) for the management, conservation, or maintenance of property held for the production of income;

\* \* \* "

█ It is difficult to understand how this language provides any rational basis for the distinction between funds expended in seeking income from public services and funds expended in seeking income from private services. In 1944, however, just two years after the enactment of Section 212, the Supreme Court, in a five to four decision, decided in McDonald that campaign expenses of a candidate for a salaried public office were not deductible under this section, in ascertaining income subject to Federal income tax. It is the opinion of this Court that this decision, with its persuasive dissenting opinion by Mr. Justice Black, should be reconsidered. This is a matter, however, which more properly lies within the jurisdiction of the appellate courts. Since the present case is indistinguishable from McDonald, insofar as it relates to the deduction of the $1590.00 expended by Maness to advertise his candidacy, this Court feels reluctantly bound by that decision.

This Court is of the opinion, however, that the present case is distinguishable from the facts of McDonald insofar as the deduction for the $810.00 in qualifying fees is concerned. See Davenport v. Campbell, 238 F.Supp. 568, (N.D.Texas 1964). McDonald did not consider the applicability of Section 164, and raised different considerations. In McDonald, the assessments were made by, paid to, and expended by the Executive Committee of petitioner's political party. In the present case the fees were paid to the Secretary of State of the State of Florida pursuant to the requirements of state law. F.S. Sec. 99.031, F.S.A. (1957).

██ Although it is true that F.S. Sec. 99.103, F.S.A. (1957) authorized the Secretary of State to pay these fees over to the executive committee of the candidate's party if certain conditions were met, this does not change the nature of these mandatory, involuntary extractions as far as the application of Section 164, I.R.C. is concerned. In the first instance, this is not an automatic payover. The Florida Act establishes certain criteria which the political party must meet in order to qualify for such payments. It is entirely possible that the fees paid by any particular candidate would remain entirely with the State. Secondly, if the fees are a mandatory, involuntary extraction, made pursuant to state law and paid to a state official, it is immaterial how the state chooses to expend the funds. If the state decides that they are to be used to subsidize the political parties, this has no more effect on their deductibility by the taxpayer under Section 164 than a decision by the state to subsidize political parties out of general revenues would affect, for instance, the deductibility of a state sales tax payment under Section 164. These mandatory, involuntary extractions fit the language of Section 164(a) and are not excluded by any of the provisions of Section 164(b).

Upon consideration, it is therefore

Ordered and adjudged:

1. Defendant's Motion for Summary Judgment is granted insofar as it relates to the deduction of $1590.00 in campaign expenses and is denied in all other respects.

2. Plaintiffs' Motion for Summary Judgment is granted insofar as it relates to the deduction of $810.00 in fees and assessments paid, and is denied in all other respects.

3. Defendant, United States, shall pay to the Plaintiffs a refund of taxes in the amount of $405.00 and a refund of assessed interest paid in the amount of $66.66, together with statutory interest on this total amount from the date of payment by Plaintiffs.