**William H. MANESS and Betty R. Maness, his wife, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 22598.**

United States Court of Appeals Fifth Circuit.

Oct. 13, 1966.

W. Preston White, Jr., Dowling, White & Mooers, Hugh R. Dowling, John W. Mooers, Jacksonville, Fla., for appellants.

Edward L. Rogers, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Melva M. Graney, Marco S. Sonnenschein, Attys., Dept. of Justice, Richard M. Roberts, Acting Asst. Atty. Gen., Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., William J. Hamilton, Jr., Asst. U. S. Atty., of counsel, for appellee.

Before BROWN, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

This case presents the question whether certain campaign expenses of appellant (taxpayer) are deductible from income on a federal income tax return. The United States District Court for the Middle District of Florida entered partial summary judgment in favor of the Government holding that such campaign expenditures were not deductible. The facts are undisputed.

In November 1957 the taxpayer was appointed a state judge by the Governor of Florida whereupon he discontinued his law practice in accordance with state law and entered upon the discharge of his duties as judge. In order to continue to hold this position as state judge it was necessary for him to qualify as a candidate to succeed himself in the Democratic Primary and in the general election held in 1958. To qualify as a candidate he was required to pay to the Secretary of State of the State of Florida the sum of $810.00 as qualifying fees and committee assessments. In addition to that expense he also spent the sum of $1,590.00 in his campaign for re-election, all of which was paid from his own personal funds. It is unquestioned that all of the expenditures were normal, authorized and reasonable. The taxpayer deducted these expenses on

his federal income tax return for 1958, but the Commissioner of Internal Revenue disallowed them. There was an additional assessment of $1,200.00 plus interest [1] which was paid by the taxpayer who then filed a timely claim for refund. The claim was denied and this suit followed.

The taxpayer claims that his campaign expenses in the amount of $1,590.00 (which sum does not include the $810.00 qualifying fee) are properly deductible as ordinary and necessary business expenses under § 162 of the Internal Revenue Code of 1954, 26 U.S.C. § 162. In the alternative, the taxpayer claims: (a) that such expenditures are deductible as expenses incurred for the production of income under § 212 of the Internal Revenue Code of 1954, 26 U.S.C. § 212; (b) that such expenses were paid for the management, conservation or maintenance of property held for the production of income under the last cited section; or, (c) that in any event such expenditures were capital in nature and were thereby amortizable over the two year term of office to which he was elected.

 We reject the contentions of the taxpayer and agree with the District Court that the taxpayer's campaign expenditures are not deductible either under § 162 as ordinary and necessary business expenses, or as expenses incurred for the production of income under § 212.

 The Government contends that this Court is without jurisdiction to consider the taxpayer's contention in this Court that his campaign expenditures are amortizable over the two year term of office because § 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7422 (a) prohibits suit for refund of taxes unless a claim for refund has first been filed, and since each taxable year is the basis for a separate cause of action a claim for refund must be filed for the

year in suit. It is argued that the year in suit is 1958 and therefore no claim for refund was filed for the years 1959 and 1960, the two years over which the taxpayer asserts these campaign expenses should be amortized. Assuming without deciding that the Court does have jurisdiction to consider the taxpayer's contention as to amortization of these expenditures, we conclude that such contention is without merit. McDonald v. Commissioner of Internal Revenue, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68; Davenport v. Campbell (D.C.N.D.Tex.1964) 238 F. Supp. 568, aff'd Campbell v. Davenport (5 Cir. 1966) 362 F.2d 624.

The judgment is affirmed.

---

1. The assessment of tax by the Commissioner disallowed the $810.00 expended by taxpayer as a qualifying fee. The District Court held in favor of the taxpayer and allowed the deduction of $810.00 and the Government has not appealed from that ruling.