Carson **J. MORRIS** and Muriel F. Morris,
Petitioners,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 22940.

United States Court of Appeals,
Ninth Circuit.

March 6, 1970.

Rehearing Denied June 1, 1970.

Carson F. Morris, Wayzata, Minn. for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for appellee.

Before BARNES, HAMLEY and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

Petitioners sought relief in the Tax Court from tax liability resulting from alleged deficiencies in their income tax returns for the taxable years 1962 and 1963. The Tax Court found petitioners' claims that certain expenses were deductible from gross income to be without merit and ordered full payment of the deficiency, which totaled $716.86. This appeal was taken; our jurisdiction rests upon 26 U.S.C. § 7482. We affirm.

*Factual Background*

During the years 1962, 1963 and part of 1964, Carson Morris was employed as a vice president by Campbell-Mithun, an advertising firm in Chicago, Illinois. In 1964 he terminated his employment with that company and immediately thereafter, on May 18, 1964, accepted a position with the Cudahy Packing Company in Phoenix, Arizona.

In 1962 petitioner Morris entered into a contract with Frederick Chusid & Company for the purpose of seeking employment in an executive capacity. (C. T. 66) Chusid is a firm of executive recruiters that refers to itself as "management psychologists" and that performs services by assisting its clients in marketing themselves in areas of suggested or desired employment. (C.T. 66) Pursuant to the contract, Chusid undertook preparation of brochures and letters and circulated them to selected companies. Petitioner's expenses of $1,099.08 in 1962 and $1,070.73 in 1963 consisted of fees, costs of printing and mailing letters, telephone calls, and other similar costs. All fees and costs were payable to Chusid regardless of whether

or not employment was secured by its efforts. (C.T. 66)

Petitioner did not secure new employment as a result of the services rendered by Chusid, but rather as the result of his own contact with Cudahy Company. On the basis of the foregoing, the Tax Court found the following facts:

"The fees paid by petitioner to Chusid in the years 1962 and 1963 were in the course of seeking employment and not for securing employment.

"Chusid did not secure employment for petitioner." (C.T. 67)

### Issue on Appeal

The sole issue in this appeal is whether the Tax Court was correct in concluding that the expenses incurred by petitioner were not deductible under sections 162(a) [1] or 212 [2] of the Internal Revenue Code of 1954 and the regulations promulgated thereunder.[3]

### The Expenses Were Not Deductible

 Petitioners' argument that the payment of fees to the employment service should be deductible can best be summarized in their own language:

"It is axiomatic that without gainful employment it is usually impossible to legally at least produce or collect income. If, as in the petitioner's case, there are expenses incurred in seeking that employment surely that expense qualifies as 'necessary' both

within the letter and spirit of the law." (Pet.Br. 7)

Petitioners cite no case and we can find none that stands for this proposition.[1] Moreover, as pointed out by the

1. But cf. Primuth v. Commissioner, 54 T.C. No. 36, which was decided after oral argument and submission of this case.

Government (Gov't Br. 6, 7), there exists a wealth of authority to the contrary. McDonald v. Commissioner of Internal Revenue, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68 (1944); Maness v. United States, 367 F.2d 357 (5th Cir. 1966); Campbell v. Davenport, 362 F.2d 624 (5th Cir. 1966); Polachek v. Commissioner, 22 T.C. 858 (1954); Frank v. Commissioner, 20 T.C. 511 (1953).

The distinction recognized by these cases and by Rev.Rul. 60–223, 1960–1 Cum. Bul. 57 is between expenses incurred in *seeking* and *preparing* for new work, which are not deductible, and expenses incurred in *securing* and *performing* such work, which, of course, are deductible. Such a distinction may create difficult problems of categorization; however, this case presents no such factual problem. The fees paid by petitioner were not conditioned on the employment firm's securing new work for him. Moreover, the firm was in no way instrumental in obtaining the job that petitioner ultimately undertook. Under no theory could these expenses have been deducted under 26 U.S.C. §§ 162(a) or 212.

Accordingly, we are required to, and do, affirm the decision of the Tax Court.

1. Section 162(a) provides in relevant part:
 "§ 162. *Trade or business expenses*

 (a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * "

2. Section 212 provides in relevant part:
 "§ 212. *Expenses for the production of income*
 In the case of an individual, there shall be allowed as a deduction all the

ordinary and necessary expenses paid or incurred during the taxable year—
 (1) for the production or collection of income."

3. Treasury Regulation 1.212–1(f) provides in relevant part:
 "(f) Among expenditures not allowable as deductions under section 212 are the following: * * * expenses such as those paid or incurred in seeking employment or in placing oneself in a position to begin rendering personal services for compensation."