KENNETH R. KENFIELD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5289–68.   Filed June 3, 1970.

Kenneth R. Kenfield, pro se.
*Rudolf L. Jansen,* for the respondent.

OPINION

RAUM, *Judge*: Petitioner made payments totaling $1,781.75 to Chusid as fees and related expenses in order to find new employment as a design engineer. Though he was successful in eliciting a job offer through Chusid's assistance which he in fact accepted, he decided at the last moment to remain with his old employer, General Electric. The issue is whether petitioner's payments to Chusid in connection with his search for a new job are deductible under section 162(a), I.R.C. 1954,[1] as ordinary and necessary expenses incurred in his trade or business. We hold that these expenses are deductible under that section.

The facts herein are strikingly similar to those in our decisions in *David J. Primuth*, 54 T.C. 374, and *Guy R. Motto*, 54 T.C. 558. In each of those cases the taxpayer also engaged the services of Chusid for the purpose of finding a new job, entering into an arrangement with Chusid which was similar to, if not identical with, the arrangement between petitioner and Chusid. As it happened to develop in each case, the taxpayer was successful in finding a new job. In *Primuth* we found that the taxpayer was in the trade or business of being a corporate executive and in *Motto* that the taxpayer was in the trade or business of being an engineer. Here, it is likewise plain that petitioner was in the trade or business of being an engineer before and after his arrangement with Chusid, and we so find. Given this finding, we think that his

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

payments to Chusid to help him obtain another job as an engineer were proximately related to his trade or business. This result seems clear from our decisions in *Primuth* and *Motto*. In *Primuth*, at page 379, the Court noted:

> Once we have made our decision that the petitioner was carrying on a trade or business of being a corporate executive, the problem presented here virtually dissolves for it is difficult to think of a purer business expense than one incurred to permit such an individual to continue to carry on that very trade or business—albeit with a different corporate employer.

In his brief in the present case the Commissioner expresses disagreement with our decision in *Primuth*, and urges further that this case is in any event distinguishable from *Primuth* because there the taxpayer actually obtained new employment as a consequence of his payments to Chusid. See also *Morris v. Commissioner*, 423 F. 2d 611 (C.A. 9, 1970), affirming a Memorandum Opinion of this Court. We do not here undertake to reexamine our decision in *Primuth*, which was so recent and which was followed in *Motto*. Nor is it necessary to consider whether any such refinement as is urged upon us by the Government is sound, see concurring opinions in *Primuth*, for petitioner with the assistance of Chusid in the present case actually obtained a new job with a new employer which he in fact accepted. It was only when his old employer offered petitioner a promotion and matched the increased compensation available at the job with the new employer that petitioner decided to remain with the old employer in the newly offered position. Thus, not only did Chusid assist petitioner in procuring a new job with a new employer, but the promotion obtained from the old employer was a direct consequence of such new job obtained in part at least as the result of the fee paid to Chusid by petitioner. We hold that this case is governed by our holding in *Primuth*, and that the distinctions urged by the Government are not of sufficient substance here to call for a different result.

*Decision will be entered for the petitioner.*