Edward J. Corcoran v. Commissioner.
Corcoran v. Commissioner
Docket No. 2565-69.
United States Tax Court
T.C. Memo 1971-269; 1971 Tax Ct. Memo LEXIS 61; 30 T.C.M. (CCH) 1159; T.C.M. (RIA) 71269; October 26, 1971, Filed. Gabriel T. Pap, 51 E. 67th, New York, N.y., for the petitioner. John D. Shuff, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the calendar year 1966 in the amount of $2,525.84. Concessions have been made by the parties so that the issues for decision are: (1) whether petitioner is entitled to certain entertainment expenses as deductions under section 162 and section 274 of the Internal Revenue Code of 1954; (2) whether petitioner is entitled to certain travel expenses claimed as deductions under section 162 or section 212 of the Internal Revenue Code of 1954. [1]
Findings of Fact Edward J. Corcoran (hereinafter referred to as "petitioner") was a resident of New York, New York at the time the petition herein was filed. His income tax return for the taxable year *63 1966 was filed with the district director of internal revenue, Manhattan District, New York, New York. During the taxable year 1966, petitioner was employed full time as a stage manager by Columbia Broadcasting System, Inc. (hereinafter referred to as "CBS"). He worked for CBS for approximately 42 weeks during the year, and for approximately five days in each of those weeks. His principal place of employment was New York City, where he worked in the studios of CBS. However, in addition to his activity in New York City, petitioner worked for CBS as a stage manager for the Miss U.S.A. and Miss Universe pageants in Miami, Florida, and also for the Miss Teenage America pageant in Dallas, Texas. As a stage manager, petitioner is in a very competitive field. It is necessary for stage managers to do the best possible work in order to maintain steady employment and to have a chance to work in the most lucrative shows. In order to accomplish these aims, it is necessary for them to have a good relationship with and to get good cooperation from their crew. Consequently, some stage managers buy coffee, doughnuts, and, occasionally, sandwiches for their crews. Petitioner claims that he did *64 this on the average of four times per work week. During 1966, petitioner made trips to Deerfield Beach, Florida, Miami, Florida, and Youngstown, Ohio. During each of these trips, he investigated the potential for employment by one or more theatrical 1160 producers in the area. Petitioner had ambitions to serve temporarily as a director and/or a stage manager or actor. It does not appear that at any time he considered permanently giving up his job at CBS. The trips to Deerfield Beach and Miami were made consecutively and were taken immediately subsequent to petitioner's completion of his work on the Miss Univers pageant in Miami Beach. The trips were taken while he was on vacation from CBS. The trip to Youngstown, Ohio was taken between Christmas Day and New Year's Eve, 1966. Petitioner had relatives in Youngstown and visited them during this trip. Opinion The issues presented for decision in this case are, first, whether petitioner is entitled to deduct certain entertainment expenses in the amount of $3,561.16 and, second, whether petitioner is entitled to deduct certain unreimbursed travel expenses in the amount of $851.79. Concerning the first issue, petitioner claims *65 as deductions amounts set forth in his return and in his petition as follows: (1) At studios, for 6 to 18 stagehands plus 4 to 8 wardrobe makeup and other studio people rounds of drinks 4 times per week, that is 18 X 4 X 42 X 90", food and beverage furnished under circumstances conducive to business discussions: Code Sec. 274(e)(1) and Regs. Sec. 1.274-2(c)(4): clear business setting
$2,721.16
(2) Just a a few drinks at bars 2 to 4 times a week to 2 to 3 of business connections $3.50 each (3 X 2 1/2 X 32 weeks X $3.50). 840.00
$3,561.16
As a preliminary matter, we heard no testimony at trial concerning the incurring of expenses by petitioner for "drinks * * * (for) business connections * * *." Since he has not presented evidence necessary to sustain the burden on this matter, we conclude that petitioner is not entitled to this deduction. As to the expenses claimed to have been incurred by petitioner on behalf of his stagehands, respondent contends that these were not "ordinary and necessary" within the meaning of section 162, but instead were personal expenses unrelated to petitioner's job as a stage manager. The respondent also contends that such expenses *66 have not been substantiated to the extent required by section 274(d). That section provides that petitioner shall be allowed no deduction under section 162 or section 212 for entertainment or travel expenses: * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. Section 1.274-5(c), Income Tax Regs., provides a detailed description of the type of substantiation that is required by section 274. In the instant case, petitioner failed to present any record which would meet the requirements of section 274. The statement prepared by petitioner *67 showing his expenses is based solely upon unsubstantiated estimates. While some expenses may well have been incurred by petitioner, the record is entirely devoid of any corroborative support, either written or by the testimony of others. It is thus clear that petitioner has failed to meet the requirements of section 274(d). We are not unmindful of the case of Harry G. LaForge, 434 F. 2d 370 (C.A. 2, 1970), reversing and remanding 53 T.C. 41 (1969). There the Second Circuit ruled that sections 1.274-5(c)(2) and (3), Income Tax Regs., are invalid insofar as they require solely written records to substantiate entertainment expenses. However, in the instant case, no evidence was presented to corroborate petitioner's "rule of thumb" estimates. This clearly distinguishes the case from that of LaForge. See Steel v. Commissioner, 437 F. 2d 71 (C.A. 2. 1971), affirming a Memorandum Opinion of this Court, where the Second Circuit stated: Unlike the taxpayer in [LaForge], taxpayer here offered no evidence to corroborate his oral statements and cannot, 1161therefore, fulfill this alternative method of substantiation. * * * Concerning the second *68 issue, petitioner insists that his expenses incurred pursuant to certain trips to Miami, Florida, Deerfield Beach, Florida, and Youngstown, Ohio, are deductible within the provisions of either section 162(a)(2) or section 212(1). On each of the above trips, petitioner visited people at playhouses seeking temporary employment as a director and/or stage manager or actor. At no time, however, did petitioner contemplate abandonment of his work at CBS. Petitioner was unsuccessful in securing additional employment. Section 162(a)(2) provides that a deduction will be allowed for "* * * ordinary and necessary * * * travel expenses * * * while away from home in the pursuit of a trade or business * * *." Section 212(1) allow as a deduction "* * * all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income." Section 1.212-1(f), Income Tax Regs., however, provides that "* * * expenses such as those paid or incurred in seeking employment or in placing oneself in a position to begin rendering personal services for compensation * * *" are among the expenditures not allowable as deductions under section 212. We have concluded that *69 these expenses are not deductible by petitioner under either section 162 or section 212. Initially, we are far from satisfied that the actual visits to Ohio and to Florida were not made primarily for personal reasons. The trip to Youngstown was taken between Christmas and New Year's Eve. Petitioner was raised in Ohio, and had relatives in Youngstown which he visited while there. The trips seeking additional employment in Florida were made while petitioner was on "vacation" from his job with CBS. It is questionable whether petitioner was doing more than casual exploration to determine what might be available to him. Further, petitioner was unsuccessful in finding employment, and this has been held to be grounds for disallowing the claimed deduction under section 162 or section 212. Morris v. Commissioner, 423 F. 2d 611 (C.A. 9, 1970), affirming a Memorandum Opinion of this Court. Petitioner's reliance on David J. Primuth, 54 T.C. 374 (1970), is misplaced. There the taxpayer did, in fact, find new employment. Decision will be entered under Rule 50. Footnotes
1. All statutory references hereinafter made are to the Internal Revenue Code of 1954, as amended.↩