S. Sanford LEVY and Succession of Mrs. Mary Phene Levy (S. Sanford Levy, Testamentary Executor)

v.

The UNITED STATES.

No. 172–75.

United States Court of Claims.

May 12, 1976.

S. Sanford Levy, pro se.

Theodore D. Peyser, Jr., Donald H. Olson, and George L. Squires, Washington, D. C., with whom was Asst. Atty. Gen., Scott P. Crampton, Washington, D. C., for defendant.

Before COWEN, Chief Judge, and NICHOLS and KUNZIG, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge.

Plaintiff[1] brings this income tax refund suit seeking a deduction for various expenses incurred in obtaining reelection to his position as a state court judge. Because such expenses are not deductible under the Internal Revenue Code, we hold for defendant.

Plaintiff was first elected judge of the district court for New Orleans, Louisiana, in 1966. Later, during his successful 1972 reelection effort plaintiff paid a $550 qualification fee to the "State Central Committee" and also incurred $14,403.20 in miscellaneous campaign expenses. Plaintiff deducted both the qualification fee and the campaign expenses from his 1972 income. The Internal Revenue Service (IRS) disallowed the deduction and assessed a deficiency. Plaintiff paid the deficiency and after his refund claim was denied by the IRS, timely brought the present action seeking a refund of the deficiency, plus interest.

Defendant enters a motion for summary judgment, arguing that the instant reelection expenses are not deductible under the Internal Revenue Code. Plaintiff opposes the motion contending that his 1972 reelection costs are deductible under subsections 162(a) or 212(1) either (1) as expenses *directly deductible* from ordinary income or (2) as *capital investment* amortizable over the term of the judgeship. Because the reelection expenses in question are not deductible under the provisions of subsections 162(a) or 212(1), as analyzed below, we grant defendant's motion for summary judgment and dismiss plaintiff's petition.

(1) Direct deduction:

In support of his initial contention, plaintiff argues that subsections 162(a) or 212(1) of the Internal Revenue Code of 1954 allow him to deduct the reelection expenses directly from his 1972 income.[2] The expenses in question take two forms: miscellaneous campaign costs and the qualification fee. Each of these expenses will be separately considered to determine if either is properly deductible directly from plaintiff's 1972 income.

■ The first expense considered is the miscellaneous campaign expense.. The Supreme Court's decision in *McDonald v. Commissioner of Internal Revenue,* 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68 (1944) clearly compels denial of plaintiff's attempt to deduct campaign costs directly from his 1972 income.

In *McDonald,* the Court specifically held that the miscellaneous reelection expenses of a Pennsylvania judge were not deductible under either subsection 23(a)(1)(A) or 23(a)(2) of the Internal Revenue Code of 1939.[3] The claim to a subsection 23(a)(1)(A)

1. For convenience only Judge Levy is referred to as plaintiff. The estate of the Judge's deceased wife is also a party to this suit because the tax return in question was originally filed as a joint return.

2. Subsection 162(a) provides in part:
   "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."
   Subsection 212(1) specifies:
   "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the

taxable year—(1) for the production or collection of income * * *."

3. Subsection 23(a)(1)(A) of the 1939 Code is the immediate predecessor of subsection 162(a) of the 1954 Code. The language construed by the Court in *McDonald* is identical to that which plaintiff now attempts to use in subsection 162(a) of the 1954 Code.
   "In computing net income there shall be allowed as deductions * * * all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." [§ 23(a)(1)(A), Int.Rev. Code of 1939].

(§ 162(a)) *business deduction* was denied on the grounds that the campaign costs *were not an "ordinary and necessary"* expense. The Court drew a crucial distinction between the costs of performing the judicial function (deductible as ordinary and necessary) and expenditures during the effort to secure the position (nondeductible).

> [The judge's] campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years. [*McDonald, supra* at 60, 65 S.Ct. at 97].

Clearly, plaintiff's campaign expenses in the instant case stand on the same footing as those in *McDonald.* They are not deductible directly from income either under subsection 162(a) or 212(1) because they are not "ordinary and necessary expenses" of being a judge.

Further evidence of a Congressional intent to disallow deductions for campaign expenses is found in a more recent amendment to section 162. Subsection 162(e)(2)(A) specifically prevents deduction of political campaign expenses which might otherwise be deductible under subsection 162(e)(1) (expenses incurred in connection with legislative appearances or legislative interests of a taxpayer).[4] This amendment presents a vivid example of Congressional reluctance to allow deduction of campaign costs.

Although the Court of Claims has never decided the question of deductibility of judicial campaign expenses under subsection 162(a) or 212(1), several other circuit courts have uniformly applied *McDonald* to deny such deductions. *Nichols v. Commissioner of Internal Revenue,* 511 F.2d 618 (5th Cir.

1975), *aff'g,* 60 T.C. 236 (1973), *cert. denied,* 423 U.S. 912, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Maness v. United States,* 367 F.2d 357 (5th Cir.1966), *cert. denied,* 386 U.S. 932, 87 S.Ct. 956, 17 L.Ed.2d 806 (1967); *Campbell v. Davenport,* 362 F.2d 624 (5th Cir. 1966); *Shoyer v. United States,* 290 F.2d 817 (3rd Cir.1961), *cert. denied,* 368 U.S. 835, 82 S.Ct. 62, 7 L.Ed.2d 37 (1961); *Carey v. Commissioner,* 56 T.C. 477 (1971), *aff'd,* 460 F.2d 1259 (4th Cir.1972), *cert. denied,* 409 U.S. 990, 93 S.Ct. 325, 34 L.Ed.2d 257 (1972). The unanimity of such decision lends even more force to the instant denial of a subsection 162(a) or 212(1) direct deduction for plaintiff's miscellaneous campaign expenses.

Having determined that plaintiff may not directly deduct the campaign expenses from income by use of subsections 162(a) and 212(1), we turn to the question of plaintiff's $550 qualification fee. The Supreme Court was also faced with a similar expenditure in addition to the campaign expenses in *McDonald, supra.* The Court disallowed the Pennsylvania judge's attempts to deduct a "State party assessment," again rejecting any application of the predecessors to subsections 162(a) and 212(1).

The "assessment" in *McDonald* is almost indistinguishable from the "qualification fee" involved in the case at bar. Moreover, like the reelection expenses in *McDonald,* the qualification fee in the instant action represents nondeductible expenses incurred in attempting to be a judge as opposed to properly deductible expenses incurred in carrying out the judicial function. *See, e.g., Nichols, supra* (statutory qualification fee held not deductible); *Campbell,*

---

In addition, subsection 23(a)(2) of the 1939 Code is essentially identical to subsection 212(1) of the 1954 Code, also relied on by plaintiff in the instant action.

"In computing net income there shall be allowed as deductions * * * [i]n the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income * * *." [§ 23(a)(2), Int.Rev.Code of 1939].

To compare the provisions of the 1939 Code with those of the current Code, *see* note 2, *supra.*

4. Subsection 162(e)(2)(A), added by Pub.L. No. 87–324, § 3(a) (1962) provides:

"The provisions of paragraph (1) shall not be construed as allowing the deduction of any amount paid or incurred * * * for participation in, or intervention in, any political campaign on behalf of any candidate for public office * * *." [§ 162(e)(2)(A), Int.Rev.Code of 1954].

*supra* (assessment by county executive committee held nondeductible). In short, like his campaign expenses, plaintiff's qualification fee is not directly deductible from income either under authority of subsection 162(a) or 212(1).

Plaintiff attempts to overcome the thrust of *McDonald,* subsection 162(e)(2)(A), and other case law by urging that the trend of recent Tax Court decisions has been to allow deductions for expenses incurred in seeking new employment. *Black v. Commissioner of Internal Revenue,* 60 T.C. 108 (1973); *Primuth v. Commissioner of Internal Revenue,* 54 T.C. 374 (1970). However, the Tax Court has clearly rejected application of this trend to *campaign expenses. Carey v. Commissioner of Internal Revenue,* 56 T.C. 477 (1971), *aff'd* 460 F.2d 1259 (4th Cir.1972) distinguished deductible new employment expenses from nondeductible campaign expenses.

> Unlike employment agency fees, we do not think that common understanding in the ordinary affairs of life would consider that campaign expenditures should be encompassed as 'ordinary and necessary expenses  *  *  *.' [*Carey, supra,* 56 T.C. at 481].

We agree that there is not a sufficient analogy between employment agency fees and campaign expenses to upset decisions by the Supreme Court and various circuit courts, particularly in light of subsection 162(e)(2)(A).

Plaintiff further urges application of Revenue Ruling 71–470, 1971–2 Cum. Bull. 121 (1972), to the case at bar. In this ruling, the IRS allowed a deduction for a public official's expenses incurred pursuant to fighting a *recall.* The distinction between election expenses incurred in obtaining a position and recall expenses paid *to retain* the job is obvious. Moreover, this Revenue Ruling is insufficient to overcome the result mandated by the Supreme Court and circuit court decisions and subsection 162(e)(2)(A).

In short, plaintiff cannot use subsection 162(a) or 212(1) directly to deduct from income either the campaign expenses or the qualification fee.

(2) Amortization:

Failing to obtain a direct deduction from income for the instant expenses, plaintiff attempts an alternative. In this second "tack," plaintiff argues that he should at least be allowed to treat the expenses as a capital investment and amortize or deduct them each year during the term of his office.

■ While such an approach carries a certain theoretical appeal in terms of good accounting practice, plaintiff cannot escape the fact that his proposed amortization, if permitted, would still involve deducting expenses incurred in "trying to be a judge." Whether plaintiff deducts the expenses during the campaign year or spreads the deductions over the term of his judicial office, he is still attempting to deduct expenses for campaigning. *McDonald* and the circuit court cases discussed, *supra,* clearly forbid such deductibility. Having failed to obtain a subsection 162(a) or 212(1) direct deduction for the campaign expenses or qualification fee, plaintiff cannot achieve the same result through amortization. *See Maness v. United States,* 367 F.2d 357 (5th Cir.1966); *Mays v. Bowers,* 201 F.2d 401 (4th Cir.1953).

In summary, the instant case presents the question of whether or not plaintiff is entitled to a subsection 162(a) trade or business expense deduction or a subsection 212(1) individual deduction for miscellaneous campaign expenses and a qualification fee incurred during reelection efforts in a Louisiana judicial election. The Supreme Court decision in *McDonald, supra,* the rationale of various circuit court cases, and Congressional intent evidenced by subsection 162(e)(2)(A) mandate denial of plaintiff's claims either for a direct deduction or for amortization of the expenses in question.

While good accounting practice might lead one to agree with plaintiff's position, the question of deduction of campaign expenses is presently a closed issue. As the Court noted in *McDonald* :

It is for Congress to determine the relation of campaign expenditures to tax deductions by candidates for public office, under such circumstances and within such limits as commend themselves to its judgment. [323 U.S. at 63, 65 S.Ct. at 98].

If deductions are to be allowed for campaign expenses, Congress, not the courts, must so provide.

Accordingly, for the foregoing reasons, defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.