ROGER POITRAS and JANINE C. POITRAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poitras v. Commissioner
Docket No. 3034-76.
United States Tax Court
T.C. Memo 1977-168; 1977 Tax Ct. Memo LEXIS 273; 36 T.C.M. (CCH) 700; T.C.M. (RIA) 770168; June 2, 1977, Filed Roger Poitras, pro se. Curtis O. Liles, III, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' 1972 Federal income tax in the amount of $140.42. The sole issue presented is whether petitioners are entitled to deduct, as an ordinary and necessary business expense, a filing fee of $725 paid to the Florida Secretary of State to enable petitioner Roger Poitras to run *274 for reelection as the Clerk of the Circuit Court of St. Lucie County, Florida. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts is incorporated herein by this reference.
Petitioners Roger and Janine C. Poitras are husband and wife and resided in Fort Pierce, Florida, at the time they filed their petition in this case. They filed a joint Federal income tax return for the calendar year 1972 with the Southeast Service Center, Chamblee, Georgia. Janine C. Poitras is a party hereto solely by reason of having filed a joint return with her husband, and Roger Poitras will hereafter be referred to as the petitioner. Roger Poitras has served as the Clerk of the Circuit Court of St. Lucie County, Florida, since January 5, 1961, having previously served for approximately 11 years as a deputy clerk of that Court. He was elected to his first four-year term as Clerk in November, 1960, and was reelected in 1964, 1968, 1972 and 1976. In 1972, in order to run for reelection, Poitras was required under Florida Statutes section 99.092 to pay a filing fee to the Florida Secretary of State in the amount of $725. He made such payment *275 with his own personal funds. Had he not made such payment, Poitras could not have continued in office, and would have lost the salary which constituted virtually his only source of income. Petitioner deducted $725 on his 1972 income tax return as a miscellaneous itemized deduction entitled "Statutory Filing Fees", and now justifies the deduction as a "necessary business expense for the production of income". The Commissioner disallowed the deduction on the grounds that it was not an ordinary and necessary business expense. OPINION Petitioner Roger Poitras serves as the elected Clerk of the Circuit Court of St. Lucie County, Florida.In order to run for reelection for that office in 1972, he was required by the law of Florida to pay a filing fee of $725, which he seeks to deduct as an ordinary and necessary business expense under section 162 or section 212 of the Internal Revenue Code of 1954. In support of his claim, petitioner points out that his salary as Clerk represents his family's only significant source of income, and that he would not have been able to continue to earn that salary if he had not made the payment here in issue. However, in McDonald v. Commissioner,323 U.S. 57, *276 the United States Supreme Court decided that filing fees and other campaign expenditures of a state judge seeking reelection were not deductible expenditures under either the predecessor of section 162 or the predecessor of section 212. Both this Court and the Court of Appeals for the Fifth Circuit, to which appeal in this case would lie, have specifically applied the McDonald rule to disallow deduction of statutory filing fees required of persons seeking reelection to public office. Nichols v. Commissioner,60 T.C. 236, affirmed 511 F. 2d 618 (C.A. 5), certiorari denied 423 U.S. 912; Campbell v. Davenport,362 F. 2d 624 (C.A. 5); see Carey v. Commissioner,56 T.C. 477, affirmed 460 F. 2d 1259 (C.A. 4), certiorari denied 409 U.S. 990; see also Shoyer v. United States,290 F. 2d 817 (C.A. 3), certiorari denied 368 U.S. 835; Levy v. United States,535 F. 2d 47 (Ct. Cl.), certiorari denied     U.S.    , 97 Sup. Ct. 236. Petitioner relies on the opinion of the District Court for the Middle District of Florida in *277 Maness v. United States,237 F. Supp. 918, affirmed 367 F. 2d 357 (C.A. 5), certiorari denied 386 U.S. 932.In that case, however, the Court followed McDonald in disallowing deduction of filing fees as business expenses, allowing deduction instead on the grounds that the Florida filing fee constituted a deductible tax under section 164. At the time Maness was decided, section 164 permitted a deduction for all taxes except certain, specifically designated taxes. In 1964, however, Congress amended section 164 to permit a deduction only for certain, enumerated taxes and taxes allowable as expenses of a trade or business under section 162 or as expenses for the production of income under section 212. See section 207(a) of the Revenue Act of 1964, Pub. L. 88-272, 78 Stat. 19, 40. Since the payments here in issue are not among the taxes listed in section 164, they are not deductible unless they meet the tests of sections 162 or 212; we have held that they do not. See Nichols v. Commissioner,supra, 511 F. 2d 618, 620. In light of the clear precedent, Decision will be entered for the respondent.