**Richard STEEL and Lucy Knight Steel, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 198, Docket 34891.**

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1970.

Decided Jan. 18, 1971.

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court sitting by special designation.

Richard Steel, New York City, for petitioners-appellants.

William M. Brown, Tax Division, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, and Elmer J. Kelsey, Tax Division, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Attorney Richard Steel and his wife, Lucy,[1] filed a joint income tax return for the year 1964 in which they claimed a business deduction in the amount of $4,850.21 for entertaining Richard's clients and other guests[2] in their Manhattan apartment and a business deduction of $306.19 for the cost of air travel between New York and New Orleans and the cost of food, lodging, and miscellaneous expenses incurred. The Commissioner disallowed the entertainment expense because neither the taxpayer nor his wife kept any expense accounting, cancelled checks, receipts or other documentary evidence by which to substantiate their claim as required by § 274(d) of the Internal Revenue Code of 1954 and Treas.Regs. 1.274–5. As the only proof of the business travel expense was a cancelled check to Eastern Airlines in the amount of the New York-New Orleans fare, the Commissioner disallowed this claim also and assessed a deficiency of $2,550.77 for the year in question. The Tax Court upheld the Commissioner's holdings on both of these claims.[3]

Section 274(e) (1), upon which the taxpayer relies, exempts from the substantive requirements of § 274(a) expenditures for meals furnished in a manner conducive to business discussion. That section does not, however, exempt such expenditures from the substantiation requirements of § 274(d). See Treas.Regs. 1.274–2(f) (1) and (2). Notwithstanding the fact that the business meals are provided in the taxpayer's home, each element of such entertainment expenditure must be substantiated by "adequate records or by suffi-

---

1. Lucy Steel is a party to this action because she filed a joint return with her husband.

2. The Tax Court found that "almost all of [taxpayer's] clients are individuals whom he has met socially or come to know by entertaining them in his own residence."

3. The Tax Court's Memorandum of Fact and Opinion are reported at T.C. Memo. 1969–254.

cient evidence corroborating [the taxpayer's] own statement." § 274(d); Andress v. Commissioner of Internal Revenue, 51 T.C. 863, aff'd per curiam, 423 F.2d 679 (5 Cir. 1970).

Unlike the taxpayer in LaForge v. Commissioner of Internal Revenue, 434 F.2d 370, 371 (1970), taxpayer here offered no evidence to corroborate his oral statements and cannot, therefore, fulfill this alternative method of substantiation. Finally, because the taxpayer has shown nothing inherent in his situation which prevented him from maintaining an expense diary or obtaining receipts, he cannot rely on the "exceptional circumstances" provisions of Treas.Regs. 1.274–5(c) (4).

Judgment affirmed.