THOMAS J. MASTERSON and ELEANOR P. MASTERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masterson v. Commissioner
Docket No. 5113-80
United States Tax Court
T.C. Memo 1981-681; 1981 Tax Ct. Memo LEXIS 60; 42 T.C.M. (CCH) 1758; T.C.M. (RIA) 81681; November 25, 1981. Thomas J. Masterson, pro se. Avery Cousins, III, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $ 54,365. He also determined substantial additions to tax under sections 6651(a)(1) [1] and 6653(a). However, respondent has now conceded that petitioners' return was timely filed and that the addition to tax under section 6651(a)(1) is inapposite. Additionally, respondent has conceded a $ 16,000 item of unreported income and petitioners have conceded that a $ 5,000 loss deducted by them on their 1975 return was not properly deductible until 1976. [2]
*62 The issues remaining for our decision are (1) whether petitioners have substantiated various business expenses claimed by them on the Schedule C's attached to their 1975 return, in excess of the $ 72,355 now allowed by respondent, (2) whether petitioners have substantiated various itemized deductions claimed by them on the Schedule A attached to the return, in excess of the $ 4,400 now allowed by respondent, and (3) whether petitioners are subject to the addition to tax imposed by section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, the first supplemental stipulation of facts, and the exhibits attached to both documents are incorporated herein by reference. Petitioners Thomas J. and Eleanor P. Masterson, husband and wife, resided in St. Petersburg, Florida, at the time of filing their petition herein. They filed a joint Federal income tax return for the 1975 taxable year. Respondent's statutory notice of January 11, 1980, determined increased adjustments to petitioners' 1975 return in the amount of $ 106,230. Petitioners originally relied solely on their purported Fifth Amendment rights against *63 self-incrimination, and provided respondent with no records. When informed at trial that the courts have on numerous occasions dismissed similar constitutional defenses as meritless, petitioners agreed to attempt to provide respondent with substantiation of the various claimed deductions. The evidence presented at trial consisted of a stipulation of facts with exhibits (predominantly cancelled checks) and petitioner Thomas Masterson's testimony. Because of difficulties petitioners had in gathering their documentation, we agreed at that time to leave the record open for a limited time during which the parties could prepare a supplemental stipulation of facts based on additional information to be provided by petitioners. Based on the documentation supplied to respondent immediately prior to the hearing, at the hearing, and subsequent to the hearing, the original increased adjustments to petitioners' income have been reduced to $ 13,475. The original adjustments, the amounts allowed by respondent, and respondent's revised disallowances are as follows: Original
Amounts Later
Amounts Still
Adjustment
Allowed
Disputed
Unreported income
$ 16,000
$ 16,000
Loss
5,000
* $ 5,000 Schedule C: Travel
7,958
3,085
4,873 Depreciation
176
176 Taxes
2,525
1,679
846 Repairs
25
21
4 Paint and materials
221
217
4 Commissions
1,739
1,115
624 Postage
718
517
201 Lot maintenance
5,615
5,513
102 Advertising
5,388
4,504
884 License fees
523
435
88 Franchise fee
7,200
7,200
Royalties
9,571
9,571
Rent
34,058
34,058
Insurance
1,417
1,417
Telephone
929
929
Contributions
70
70
Cost of goods sold
1,280
1,280
Supplies
425
579
(154)
Printing and typing
51
165
(114)
Schedule A
Contributions
200
80
120 Interest
3,702
3,451
251 Taxes
1,035
815
220 Franchise fee
350
350 Tax preparation
54
54
Totals
$ 106,230
$ 92,755
$ 13,475 *64 OPINION The issues for our decision include whether petitioners have substantiated their claimed Schedule C business expense and Schedule A itemized deductions. It is a well-established rule that deductions from Federal income tax are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Thus, petitioners have the burden of proving their entitlement to any amount in excess of that allowed by respondent. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent argues that petitioners have failed to satisfy this burden. We must agree with respondent. Schedule C Business Expenses
Petitioners state as a prefactory argument that it was impossible for them to further substantiate their deductions because banks either could not produce copies of their cancelled checks for 1975, or would not produce them free of charge. While we recognize the difficulties involved in reconstruction of one's records for an earlier year, [3] this does not remove the onus of providing supporting evidence for claimed deductions. Burnet v. Houston, 283 U.S. 223 (1931). *65 There is some relief, however, for a taxpayer who does not maintain adequate records or whose records are lost or destroyed. If the taxpayer can present evidence which is both convincing and susceptible of estimation, we can in appropriate circumstances estimate the allowable deductions. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). [4] Petitioners have offered no such evidence; we have before us only the cancelled checks substantiating amounts no longer in issue and petitioner Thomas Masterson's bald assertion at trial that they paid all Federal income taxes due. Petitioners argue that respondent would not accept their paid charge accounts as proof of travel expenses incurred while away from home on business and while traveling from one job location to another. Section 274 and the regulations thereunder provide rigorous *66 substantiation requirements for the allowance of a deduction for "away from home" travel expenses. To be entitled to the deduction, a taxpayer must show by adequate records the amount, time, place, and business purpose of each expense. It is doubtful that the charge accounts would satisfy these requirements--at the very least, the bills themselves would not show the business purpose of the items charged. In any event, petitioners did not offer these accounts as exhibits or give even uncorroborated testimony on this point.We therefore must find that the requisite substantiation has not been supplied. Petitioners asserted on brief that one of their businesses [5] required a minimum of 60 miles travel per day between its two locations. The expenses of traveling from one place of business to another are generally deductible, [6] ( Tidwell v. Commissioner, 298 F.2d 864 (4th Cir. 1962), affirming a Memorandum Opinion of this Court; section 162) without the stringent substantiation requirements of section 274. However, there is no evidence in the record upon which to verify or estimate petitioners' legitimate travel expenses. A taxpayer's unsworn statement on brief *67 will not suffice. Petitioners offered no evidence to substantiate either the remaining "away from home" expenses or the cost of travel between two job sites. The deductions for travel expenses in the amount of $ 4,873 were thus properly disallowed. Respondent disallowed in its entirety a depreciation deduction of $ 176 on furniture and fixtures. As petitioners offered no evidence to prove the basis, useful life, salvage value, and portion of use attributable to business [7] for any item, we cannot find that respondent has erred. Gino v. Commissioner, 60 T.C. 304 (1973), revd. on other grounds, 538 F.2d 833 (9th Cir. 1976), cert. denied 429 U.S. 979 (1976); section 167. *68 Petitioners next argue that an unsubstantiated sales tax deduction [8] in the amount of $ 846 should be allowed because it was obviously paid or the State would not have allowed them to remain in business. While the figures on the return, [9] and on those cancelled checks substantiating amounts no longer in dispute, all seem to support the validity of petitioners' deduction, we simply have no evidence before us to show that any taxes beyond those conceded by respondent were in fact paid. Petitioners are therefore not entitled to a deduction for the remaining $ 846 in sales tax. *69 Various other Schedule C deductions were disallowed by respondent, for which petitioners presented no further evidence and made no arguments. These disallowances were thus proper. We conclude that petitioners have not sustained their burden of proving that respondent's determination with respect to their claimed business deductions was incorrect. Hence, they are not entitled to any greater Schedule C deductions than those conceded by respondent.
Schedule A Itemized Deductions
As noted earlier, petitioners allege their lack of documentation is due in part to their inability to obtain copies of cancelled checks from their banks. With respect to their itemized deductions, petitioners also allege a credit union failed to produce records of their interest payments for 1975. We are skeptical of petitioners' story, and in any event the deductions claimed must be backed by some evidence of their validity. To substantiate an interest deduction of $ 250 still in issue, petitioners introduced the loan agreement evidencing their indebtedness. From this we could determine or estimate the amount of each payment which constituted interest, if petitioners had offered any evidence *70 to prove they actually made the payments due under the agreement. This they failed to do. Petitioners deducted charitable contributions of $ 120 made in the form of weekly donations to their church. Petitioners offered no substantiation, oral or otherwise, for these contributions, and on brief, question how they could ever hope to. Section 1.170A-1(a)(2)(iii), Income Tax Regs., states the preferred method of substantiation of charitable contributions: SEC. 1.170A-1. Charitable, etc., contributions and gifts; allowance of deduction. (a)(2)(iii) Statement from donee organization. Any deduction for a charitable contribution must be substantiated * * * by a statement from the organization to which the contribution was not indicating * * * the name and address of the contributor, the amount of the contribution, [and] the date of actual receipt of the contribution * * *. We recognize the problems inherent in substantiating small cash donations, especially those made to churches where the taxpayer usually does not pay by check or obtain a receipt. For *71 this reason we have often allowed or estimated deductions of this kind based on contemporaneous personal records or notations and even uncorroborated, credible testimony by the taxpayer. Lamphere v. Commissioner, 70 T.C. 391 (1978). Regretfully, petitioners offered no evidence on this issue whatsoever, so we cannot find that they are entitled to the charitable deductions claimed. Respondent also disallowed itemized deductions for the payment of taxes and a franchise fee. As petitioners did not offer evidence or present arguments in support of these claimed deductions, we find that they, too, were properly disallowed. Petitioners have failed to satisfy their burden of proof with respect to the itemized deductions in dispute. We therefore hold that petitioners are not entitled to any Schedule A deductions in excess of those allowed by respondent. Addition to Tax under Section 6653(a)
Respondent asserted an addition to tax under section 6653(a). This section provides that "if any part of any underpayment * * * is due to negligence or intentional disregard of *72 rules and regulations * * * there shall be added to the tax an amount equal to 5 percent of the underpayment." The parties base their arguments with respect to the addition to tax on the circumstances surrounding the examination of petitioners' return. Specifically, respondent contends that the "inordinate amount of time" the Government spent on petitioners' case, "coupled with petitioners' dilatory tactics [10] * * * calls for the imposition of some penalty." We hasten to point out that the section 6653(a) addition to tax is imposed by reason of some negligence or intentional act[s] causing a deficiency, not for the amount of time the Government must spend in ascertaining and achieving final resolution of that deficiency.[11] However, respondent's imposition of the addition to tax is presumptively correct, and petitioners bear the burden of proving the assessment wrong. Vaira v. Commissioner, 444 F.2d 770 (3d Cir. 1971), affg. on this issue 52 T.C. 986 (1969); Hatfield v. Commissioner, 68 T.C. 895 (1977). *73 Although their records were lost or destroyed, petitioners were able to reconstruct most of them through the use of cancelled checks and receipts. Respondent eventually allowed over 90 percent of the disallowed deductions; [12] therefore we can assume petitioners' records, for the most part, must have been adequate. The mere fact that we do not consider their records adequate to substantiate all the deductions claimed for 1975 does not require us to conclude that there was an "underpayment" of tax that was due to petitioners' negligence or intentional disregard of respondent's rules and regulations. Steel v. Commissioner, 437 F.2d 71 (2d Cir. 1971), affg. without discussion of this point a Memorandum Opinion of this Court; Robinson v. Commissioner, 51 T.C. 520 (1968), affd. per curiam 422 F.2d 873 (9th Cir. 1970). We therefore hold that petitioners are not liable for the addition to tax provided in section 6653(a). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. ↩
2. The parties agree that the partnership interest from which the loss derived did not become worthless until 1976.↩
*. Valid 1976 loss not in dispute↩
3. Petitioner Thomas Masterson testified without further explanation that all his records were destroyed or lost.↩
4. Sec. 274(d) supersedes Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930) where the deductions are for certain enumerated expenses. Sec. 1.274-5(a), Income Tax Regs.↩
5. Petitioners operated two businesses during 1975: Silva Mind Control, a training and lecture service, and Parking Company of America, a car parking business with lots in St. Petersburg and Tampa, Florida. ↩
6. Commuting expenses between work and home, however, are not deductible. Sec. 1.162-2(a), Income Tax Regs.↩
7. The depreciation was claimed on the Schedule C Statement of Profit and Loss for Silva Mind Control. As the business address of Silva Mind Control was the same as the home address of petitioners, part of the depreciation may well have related to personal use, for which no deduction is allowed.↩
8. Petitioners assert that the calculation for their original deduction is simple: 4 percent of the gross receipts listed on the Parking Co.'s Schedule C. Fla. Stat. Ann. sec. 212.01 et seq. imposes a tax on the lessor of private parking facilities at the rate of 4 percent on the total rentals received. Under Arrigoni v. Commissioner, 73 T.C. 792, 803↩ (1980), the payment of this tax by petitioners would be a valid deduction if substantiated; respondent in fact allowed petitioners a deduction to the extent of the cancelled checks produced.
9. Petitioners' 1975 tax return was an exhibit attached to the parties' stipulation, but the return is merely a statement of the petitioners' claim and does not establish the facts contained therein. Roberts v. Commissioner, 62 T.C. 834 (1974); Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034↩ (1957).
10. Petitioners' "dilatory tactics" were based on what we believe to be sincere, albeit misguided, beliefs as to their constitutional and procedural rights. ↩
11. For this the Government has the general summons power conferred by secs. 7602 et seq. and its derivative court sanctions. Also, sec. 6673 allows us to assess damages of up to $ 500 when it appears that the taxpayer instituted proceedings merely for delay.↩
12. The $ 5,000 loss conceded to be a valid loss deduction for the subsequent year, was excluded from this computation.↩